NO. 5-94-0506

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS,)  Appeal from the

                                    )  Circuit Court of

     Plaintiff-Appellee,            )  Montgomery County.

                                    )

v.                                  )  No. 93-CF-120

                                    )

LARRY D. SMITH,                     )  Honorable

                                    )  Dennis M. Huber,

     Defendant-Appellant.           )  Judge, presiding.

_________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

On October 19, 1993, a statewide grand jury filed a 40-count indictment naming several defendants involved in a conspiracy to distribute cocaine and cannabis.  Defendant, Larry Smith, was one of these defendants.  Following a jury trial, he was found guilty of various offenses and was sentenced to concurrent imprisonment terms as follows:  calculated criminal drug conspiracy (18 years), criminal drug conspiracy (18 years), narcotics racketeering (15 years), possession of a controlled substance (cocaine) with intent to deliver (18 years), unlawful possession of cannabis with intent to deliver (7 years), residential burglary (15 years), unlawful restraint (3 years), unlawful harassment of a witness (3 years), and unlawful structuring of a currency transaction (7 years).

The defendant appeals and raises several issues.  We affirm most of his convictions in the unpublished portion of this opinion.

We address defendant's challenge to his conviction for structuring currency transactions to evade recording and reporting requirements of the law.  The challenge assails the sufficiency of the proof as well as the jury instructions by which that proof was measured.

We find that the evidence was sufficient to sustain the guilty verdict for unlawful structuring of currency transactions.  However, we overturn the verdict and remand for a new trial because the jury was never told of the reporting requirements that those transactions were allegedly structured to evade.

We first consider the sufficiency of the evidence.  In considering this type of claim, it is not our duty to resolve factual disputes or assess witness credibility.  
People v. Bowen
, 241 Ill. App. 3d 608, 619, 609 N.E.2d 346, 355 (1993).  Where the evidence is not so palpably contrary to the jury’s findings or otherwise so unreasonable or unsatisfactory such that defendant’s guilt is called into doubt, the jury’s finding should be affirmed.  
People v. Moore
, 171 Ill. 2d 74, 94, 662 N.E.2d 1215, 1224 (1996).  Proof of intent does not require direct evidence and can be inferred from the surrounding circumstances.  
People v. Richardson
, 104 Ill. 2d 8, 12, 470 N.E.2d 1024, 1026 (1984).

The defendant and his coconspirators acquired large quantities of currency as a by-product of drug dealings.  During the conspiracy, the defendant and coconspirators repeatedly entered banks to exchange small denomination bills of currency for $100 bills.  On three different occasions, one of which included defendant, members of the conspiracy used the County National Bank of Hillsboro to convert small bills of currency into $100 bills.  On another occasion, a conspirator used the First National Bank of Raymond, entering with $2,000 in various denominations and exiting with 20 $100 bills.  The Litchfield National Bank was also used on numerous occasions during the same time frame to transact identical currency exchanges.  The transactions usually involved only $1,000 at a time.

The defendant admitted that he exchanged small bills of currency for larger ones at a Litchfield bank.  He further admitted that he attempted to do the same at a Hillsboro bank.  He also acknowledged that other members of the drug conspiracy were exchanging currency at the same time.

Defendant claims that the State failed to establish an intent to evade recording and reporting requirements, a necessary element to the crime of unlawful structuring of currency transactions.

Not all currency transactions must be reported.  The statute's command extends only to currency transactions over $10,000 (205 ILCS 685/4 (West 1992)) and the issuance or sale of bank checks, cashier's checks, traveler's checks, or money orders of $3,000 or more (205 ILCS 685/5 (West 1992)).  Defendant takes two somewhat contradictory positions with regard to these reporting requirements.

First, defendant suggests that the proof fails because none of the transactions exceed the requirements.  Of course, had any of the transactions exceeded the statute's monetary thresholds, the reporting requirement would have been triggered and the financial institution would have ensured the reporting of the transaction.  Indeed, had the drug conspirators engaged in transactions large enough to trigger reporting, we might well agree that the evidence falls short of establishing an intent to evade reporting requirements.  Such a transaction diminishes the inference that flows from a pattern of currency transactions beneath the reporting monetary thresholds.

The defendant also argues that since the monetary transactions were significantly less than the statute's reporting thresholds, a rational trier of fact could not have concluded that the transactions were engaged in with the requisite intent to evade the reporting that accompanies those thresholds.  This argument touches on the flaw in the jury instructions.  The amount of the transaction in relationship to the monetary limits for reporting is a valid consideration in determining whether a structured transaction is intended to evade the reporting requirements.

The Currency Reporting Act (Act) (205 ILCS 685/1 
et seq.
 (West 1992)) has a simple design.  It tracks cash.  The legislature looks to the root of all evil as a simple indicator of evil.  It therefore assures that the Director of the State Police stays abreast of people who engage financial institutions in large cash transactions.  The statute seeks law enforcement knowledge of cash dealings because "reports and records of transactions involving United States currency *** have a high degree of usefulness in criminal, tax or regulatory investigations or proceedings."  205 ILCS 685/2 (West 1992).

In order to safeguard this purpose, the Act outlaws any plan to evade the Act's reporting requirements by the "[s]tructure, assist in structuring, or attempt to structure or assist in structuring
 any
 transaction with one or more financial institutions."  (Emphasis added.)  205 ILCS 685/7(a)(3) (West 1992).  The scope of this edict is indeed broad.  Any cash transaction is potentially covered.  Notwithstanding, a proper limitation is imposed by the need to prove that a transaction was structured to evade the reporting requirements.

Clearly, as the transaction's cash amount approaches the monetary thresholds for reporting, the inference rises that the transaction is structured to evade the reporting requirement.  The individual who deposits $9,999 leaves a strong inference that the deposit was structured to evade the transaction's report.  Although the amount of the transaction is a significant factor in determining an unlawful structure, it is not the only factor.

In our case, the transaction amounts were far removed from the amounts that trigger the reporting requirement.  The key here is not the transaction amounts but the transactions themselves.  The pattern of activity clearly shows an objective to avoid the scrutiny and attention that often accompany large quantities of cash.  The conspirators moved from one bank to another within the same time frame.  Rather than exchange all of their smaller bills for $100 bills at a single bank, they chose to travel significant distances to transact smaller exchanges at numerous banks.  The amounts exchanged were large but not exceedingly large.  The exchanges were performed by different conspirators.  Moreover, the transactions themselves are instructive.  They evince a need to maintain large quantities of $100 bills.  Such a need kindles curiosity that the transactions were designed to minimize. 

Defendant and his cohorts may not have known of the reporting requirements.  They may simply have been interested in avoiding the attention of the specific cashiers and bank officials.  Nevertheless, they did not so claim.  There was nothing offered to negate the inference that the pattern of activity constituted a structuring of transactions to evade the reporting requirements, other than the fact that the amounts of cash involved were far less than those amounts that trigger the Act's reporting requirements.  While the transactional amounts give rise to an inference that the reporting requirements were not the motivation behind the structuring, such inference is not determinative.  The jury might well conclude that the pattern of activity was designed to evade the statute's reporting requirements.  The conspirators may have been generally aware that banks report large cash transactions, without knowing the specific triggering amounts.  Then again, they may have had explicit knowledge of the specific triggering amounts and simply chose to keep their patterned exchanges clear of the threshold.

Viewing the evidence in a light most favorable to the prosecution (see 
People v. Collins
, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276-77 (1985)), we hold that a rational trier of fact could reasonably find that defendant and his coconspirators engaged in a pattern of cash transactions structured with the design to evade the currency reporting requirements.

We next examine defendant's claim that the jury instructions related to the crime of unlawful structuring of a currency transaction were incomplete.  At trial, defendant objected to the instructions but offered no alternative.

There are no pattern jury instructions relating to the crime of unlawful structuring of a currency transaction, and therefore the State became creative out of necessity.  More for what was not included in these instructions, it is useful to include their complete text.

The State's instruction number 40 stated, "A person commits the offense of Unlawful Structuring of a Currency Transaction when he structures, assists in structuring, or attempts to structure or assist in structuring any transaction with one or more financial institutions for the purpose of evading the recording or reporting requirements of the Currency Reporting Act."  This instruction generally tracks the following language of section 7(a)(3) of the Currency Reporting Act (205 ILCS 685/7(a)(3) (West 1992)):  "No person shall for the purpose of evading the recording or reporting requirements of Sections 4 and 5 of this Act *** [s]tructure, assist in structuring, or attempt to structure or assist in structuring any transaction with one or more financial institutions."  The only substantive difference between the two is that the statutory language obviously contemplates specific reference to the two statutes containing the reporting and recording requirements, as opposed to the instruction's simple reference to the "recording or reporting requirements."

The People's instruction number 41 stated, "A person structures a transaction if he was acting alone, or in conjunction with or on behalf of other persons and conducts, attempts to conduct, or assists in conducting one or more transactions in currency, cashier's checks, money orders or travelers checks in any amount, at one or more financial institutions, on one or more days in any manner for the purpose of evading the reporting requirements of the Currency Reporting Act."  This language is virtually identical to section 7(b) of the Act (205 ILCS 685/7(b) (West 1992)).

On appeal, the State correctly argues that the two instructions virtually mirror the statute outlining the elements of the offense.  The first instruction set forth the elements of the offense.  The second instruction defined the phrase, "structuring a transaction."  The intent element of this crime requires a finding that the defendant and/or others so structured a financial transaction or series of transactions "for the purpose of evading the recording or reporting requirements of the Currency Reporting Act."

Notwithstanding, the instructions are incomplete because the jury was not instructed as to the Act’s recording or reporting requirements.  The requirements are not self-defining and should not be drawn out of a jury's imagination.  The requirements are quite specific.  The dollar amounts involved are $10,000 for currency (205 ILCS 685/4 (West 1992)) and $3,000 for money orders, cashier’s checks, bank notes, and traveler’s checks (205 ILCS 685/5 (West 1992)).  By not including or otherwise defining the dollar amounts at issue and thereby providing a measuring device, the implicit message to the jury is that there is always a reporting requirement and that any cash amount would suffice.  The omission is critical in this case because the reporting or recording requirements represent an element of the offense and defendant's involvement with $1,000 transactions does not carry nearly the inference of transactions that closely approximate the monetary reporting limits.  Unless the jury has been given the statutory recording and reporting parameters, they cannot fairly draw the appropriate inferences from the defendant's and his codefendant's smaller dollar amount transactions.

Jury instructions will not amount to harmless error if they incorrectly advise the jury as to an essential element of the crime.  
People v. Stromblad
, 74 Ill. 2d 35, 41, 383 N.E.2d 969, 972 (1978).  Because the error is fundamental, the evidence presented at trial need not be reviewed.  
Stromblad
, 74 Ill. 2d at 42, 383 N.E.2d at 972-73.  Accordingly, we reverse defendant’s conviction for unlawful structuring of a currency transaction and remand for a new trial on that charge.

Upon retrial, the jury should be instructed upon the recording and reporting requirements as factually applicable to the case.  In other words, if no evidence establishes transactions with bank checks, cashier's checks, traveler's checks, and money orders, then it would be inappropriate to instruct the jury as to the $3,000 requirement.  If the evidence involves only currency, the jury should be instructed that the reporting and recording requirements of the Currency Reporting Act require all financial institutions to record and report currency transactions involving more than $10,000.

Nonpublishable material under Supreme Court Rule 23 omitted.

For the foregoing reasons, the judgment of the circuit court of Montgomery County is affirmed in part, reversed in part, and vacated in part, and the cause is remanded with directions.  

Affirmed in part, reversed in part, and vacated in part; cause remanded with directions.

WELCH, P.J., and MAAG, J., concur.

                                       NO. 5-94-0506

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS,)  Appeal from the

                                    )  Circuit Court of

     Plaintiff-Appellee,            )  Montgomery County.

                                    )

v.                                  )  No. 93-CF-120

                                    )

LARRY D. SMITH,                     )  Honorable

                                    )  Dennis M. Huber,

     Defendant-Appellant.           )  Judge, presiding.

___________________________________________________________________________

Opinion Filed
: March 24, 1998

___________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn, J.

Honorable Thomas M. Welch, P.J., and 

Honorable Gordon E. Maag, J.,

Concur

___________________________________________________________________________

Attorneys
 Robert Agostinelli, Deputy Defender, Mark D. Fisher, 

for
 Assistant Defender, Office of the State Appellate Defender,

Appellant
 Third Judicial District, 1100 Columbus Street, Ottawa, IL

61350

___________________________________________________________________________

Attorneys
 James E. Ryan, Attorney General, State of Illinois, Barbara

for
 A. Preiner, Solicitor General, State of Illinois, William

Appellee
 L. Browers, Lisa Anne Hoffman, Assistant Attorneys General,

100 West Randolph Street, 12th Floor, Chicago, IL 60601

___________________________________________________________________________