LA RABIDA CHILDREN'S HOSPITAL AND RESEARCH CENTER, Plaintiff-Appellant, v. WILLIAM A. HARRISON *et al.*, Defendants-Appellees.

First District (6th Division)    No. 1—92—3518

Opinion filed May 6, 1994.

Kanter & Mattenson, Ltd., of Chicago (Joe R. Milburn and John A. Clark, of counsel), for appellant.

Jeffrey M. Goldberg & Associates, of Chicago (Jeffrey M. Goldberg, of counsel), for appellees.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court which vacated a default judgment entered against defendants. On appeal, plaintiff contends that (1) the trial court erred in granting the defendants' motion to vacate without holding a hearing or permitting plaintiff to respond to the motion, and (2) defendants failed to provide plaintiff proper notice of their motion to vacate the default judgment.

The record reveals that plaintiff, La Rabida Children's Hospital and Research Center, sought recovery for medical care and goods provided to defendants' son, Wayne Harrison, who suffered brain damage at birth as a result of alleged medical malpractice by third

parties, not involved in the instant cause. Consequently, defendants' son required intensive medical care which was provided by plaintiff from August 6, 1986, to August 9, 1988. In 1988, a settlement was reached with the third parties alleged to have been responsible for the brain damage suffered by defendants' son. Upon the settlement of this claim, a minor's estate was opened on behalf of defendants' son. The defendants were appointed guardians of the estate along with the Northern Trust Company. In addition, Jack DeBow was appointed as guardian *ad litem*. The minor's estate was assigned to Judge Novoselsky within the probate division of the circuit court of Cook County.

Plaintiff initially filed a claim against the minor's estate, seeking payment for the cost of the medical care provided to him. In an attempt to resolve the claim, plaintiff and the guardians of the minor's estate engaged in settlement negotiations before the probate division judge.

On October 5, 1990, during the course of the settlement negotiations, plaintiff filed an action against defendants seeking payment for the medical bills incurred on behalf of defendants' son. According to defendants, this action was filed without notice to the defendants' attorneys, the guardian *ad litem*, the Northern Trust Company, or to the probate division judge. Defendants assert that upon discovery of these facts, the probate division judge struck plaintiff's claim against the minor's estate. Yet, defendants have not provided a copy of Judge Novoselsky's order striking the claim against the minor's estate, and the record is unclear as to whether this claim was actually stricken or was ever reinstated. It appears, however, that the parties continued to negotiate a settlement of the plaintiff's claim against the minor's estate.

The action against defendants, which was brought in the law division of the circuit court of Cook County, was predicated upon breach of oral agreement, breach of written agreement, liability for family expenses, and liability for an account stated. In their answer, defendants denied the material allegations in plaintiff's complaint.

On March 15, 1991, plaintiff served interrogatories and a request to produce documents upon defendants. Defendants failed to comply with these discovery requests within the 28 days prescribed in Supreme Court Rules 213 and 214 (134 Ill. 2d Rules 213, 214). On May 24, 1991, plaintiff filed a motion to compel compliance with the pending discovery requests. The notice which accompanied the motion to compel reflected that the motion would be called for hearing on June 12, 1991, before Judge Burke in the law division of the circuit court. On June 12, 1991, plaintiff presented its motion, and the court

entered an order granting the motion, ordering the defendants to comply with plaintiff's discovery requests on or before July 11, 1991, and setting a hearing date for July 19, 1991.

As of July 19, 1991, defendants had not complied with the outstanding discovery requests, and the trial court again ordered them to comply. In its order, the court required that defendants satisfy plaintiff's discovery requests by September 3, 1991, and set a second hearing date for September 6, 1991.

Although plaintiff's claim against the minor's estate had been stricken, one of defendants' attorneys met with the probate division judge on August 27, 1991, in order to schedule a pretrial hearing without counsel present. The pretrial was scheduled for September 13, 1991, and this date was confirmed by the probate division judge on August 30, 1991, in a letter to Richard Zeiler, the director of finance for plaintiff, and to Nancy Lyon, of the Northern Trust Company. According to defendants, a representative of plaintiff met with defense counsel, Nancy Lyon of Northern Trust Company, and with the probate division judge and agreed that no action would be taken in the law division case pending negotiations in the suit against the minor's estate in the probate division. There is, however, no clear indication in the record as to the exact date of this alleged meeting and agreement.

At the September 13, 1991, pretrial, Nancy Lyon and Richard Zeiler appeared without counsel. Lyon provided Zeiler with updated financial information on the minor's estate and made a settlement offer on behalf of the estate. On September 19, 1991, Lyon sent Zeiler the current accounts of the estate as he had requested. Thereafter, Lyon awaited Zeiler's response to her settlement offer on behalf of the estate.

Defendants failed to meet the second discovery compliance date set by the law division judge, and, due to a docketing error, counsel for defendants failed to appear at the hearing scheduled for September 6, 1991. At this hearing, the court ordered defendants to comply by October 4, 1991, and set a third hearing date for October 18, 1991, "without further notice." The order provided further that defendants' failure to comply "shall be grounds for the entry of a default against defendants, or other appropriate sanctions, upon proper motion of plaintiff." Defendants assert that a copy of this order was never served upon them.

As of October 18, 1991, defendants had not satisfied the plaintiff's outstanding discovery requests. On that date, Judge Casciato struck the defendants' answer, declared them in default, and transferred the cause for assignment to prove up damages. Although the court's

order provided that due notice had been served, defendants contend that no notice of motion or copy of this order was ever served upon them or their attorneys. The hearing scheduled for October 18, 1991, was not listed on the court's calendar and did not appear in the Chicago Daily Law Bulletin. In addition, defendants assert that they were not served with a notice of default, as required under section 2—1302 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1302 (West 1992)).

The assignment judge entered an order setting the cause for prove up on November 13, 1991. On that date, the matter was assigned to Judge Howard Miller for prove up. Although this order reflected that due notice had been served, defendants assert that they had never received any notice of the hearing or a copy of the order. Judge Miller continued the date of the prove up to November 15, 1991. The continuance order stated that due notice had been served, but defendants again contend that they were not notified of the hearing and did not receive a copy of the order entered by Judge Miller.

On November 15, 1991, Judge Miller entered a final judgment order in favor of plaintiff and against defendants, jointly and severally, in the amount of $457,518.86. Defendants assert that they did not receive any notice of the prove up or a copy of the default judgment order. According to defendants, plaintiff made no attempt to enforce the judgment.

Defense counsel learned of the default judgment on or about February 18, 1992. On March 13, 1992, defendants filed their initial motion to vacate the judgment order. In this motion, defendants contended that the judgment was void and should be vacated because the court lacked jurisdiction to enter it. This motion was not brought within 30 days as required by section 2—1301(e) of the Code, and it did not comply with the requirements of section 2—1401. Plaintiff moved to dismiss the defendants' motion to vacate the judgment. On June 1, 1992, the trial court granted plaintiff's motion and dismissed defendants' initial motion to vacate. In its order, the trial court specifically found that the default judgment entered against defendants was valid and would not be declared void for lack of jurisdiction.

On June 26, 1992, defendants filed a petition pursuant to section 2—1401 of the Code (735 ILCS 5/2—1401 (West 1992)) requesting that the court vacate the default judgment of November 15, 1991. The petition to vacate was supported by, *inter alia,* the affidavit of Nancy Lyon of the Northern Trust Company, of Jeffrey Goldberg, counsel for defendants, and of Judge Benjamin Novoselsky, the trial

judge in the probate division to whom the minor's estate was assigned. These affidavits indicated that plaintiff had agreed not to prosecute the law division action against defendants pending settlement negotiations in the probate action against the minor's estate.

Defendants served plaintiff with notice that the petition would be called for hearing on August 4, 1992. On July 30, 1992, plaintiff filed a motion under section 2—615 of the Code to strike and dismiss the defendants' petition to vacate. As grounds for dismissal, plaintiff asserted that the petition failed to comply with the requirements of section 2—1401. Plaintiff's motion to dismiss defendants' petition was also set for hearing on August 4, 1992. On that date, the trial court entered an order setting a briefing schedule on plaintiff's motion to dismiss. According to this schedule, defendants were to respond to plaintiff's motion by August 18, 1992, and plaintiff was given leave to reply on or before September 4, 1992. The order provided that plaintiff's motion would be heard on September 8, 1992. The order did not set a hearing date for defendants' section 2—1401 petition and did not set a briefing schedule on the petition.

The parties filed their respective briefs regarding plaintiff's motion to dismiss, and on September 8, 1992, counsel for plaintiff and for defendants appeared before the court. When Judge Miller asked defendants' counsel to proceed, he informed the court that the parties were before him on plaintiff's motion to dismiss. Counsel for plaintiff agreed, and the court indicated that plaintiff's counsel should proceed. Plaintiff's attorney then proceeded to argue the motion to dismiss, and counsel for defendants argued in opposition to plaintiff's motion.

When counsel for defendants had concluded his argument, the trial court expressed its intention to immediately grant the defendants' section 2—1401 petition. Counsel for plaintiff requested leave to reply to defense counsel's arguments in opposition to the motion to dismiss, and the court granted him leave to do so. Yet, when plaintiff's counsel began his reply, the trial judge interrupted him and stated that the default judgment entered against defendants was vacated.

Plaintiff's counsel immediately objected, stating that the parties were before the court only on plaintiff's motion to dismiss the petition and that the section 2—1401 petition had not been set for hearing. Plaintiff's attorney also requested (1) leave to file a response to defendants' section 2—1401 petition, (2) leave to file counteraffidavits, (3) leave to depose defendants' affiants, and (4) a hearing on the merits of the defendants' section 2—1401 petition. The trial court

denied plaintiff's motion to dismiss the section 2—1401 petition and refused all of the requests made by plaintiff's counsel. The written order of the court reflected the court's rulings as to plaintiff's motion and requests and provided further that defendants' section 2—1401 petition was granted without hearing.

Thereafter, plaintiff filed a notice of appeal, challenging the trial court's rulings on September 8, 1992. A bystander's report was prepared and was certified by the trial judge on November 12, 1992.

Plaintiff initially argues that the trial court erred in granting defendants' section 2—1401 petition without holding a hearing or permitting plaintiff to respond to the petition.

■ Section 2—1401 of the Code of Civil Procedure provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated after 30 days from the entry thereof. (735 ILCS 5/2—1401(a) (West 1992).) To be entitled to relief under section 2—1401, the party seeking relief must show by a preponderance of the evidence that (1) a meritorious claim or defense exists; (2) the petitioner exercised due diligence in discovering the defense or claim in the original action; (3) despite such diligence and through no fault on the part of petitioner, the error of fact or valid claim or defense was not made apparent to the trial court at the time of the original action; and (4) petitioner exercised due diligence in the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381.) Section 2—1401 does not afford a remedy to relieve a litigant of the consequences of his own mistakes or his counsel's negligence. See *Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 856, 462 N.E.2d 629.

■ The purpose of a petition under section 2—1401 is to bring before the court matters of fact not appearing in the record, which if known to the court at the time the judgment was entered, would have prevented its rendition. (*Glenn v. People* (1956), 9 Ill. 2d 335, 340, 137 N.E.2d 336; *In re Marriage of Tzoumas* (1989), 187 Ill. App. 3d 723, 728-29, 543 N.E.2d 1093; *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 837-38, 449 N.E.2d 560.) Although the petition must be filed in the original proceeding, it is not a continuation thereof, but is the commencement of a new cause of action subject to the usual rules of civil practice and is to be considered in the same manner as a civil complaint. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 279-80, 433 N.E.2d 253.) Thus, where the petition fails to state facts sufficient to warrant relief, it is subject to a motion to dismiss. *Ostendorf*, 89 Ill. 2d at 279-80; *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294.

■ Plaintiff brought a motion to dismiss under section 2—615 of

the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), asserting that the petition was legally insufficient. Such a motion does not challenge the factual sufficiency of a petition for relief under section 2—1401. (*In re Marriage of Reines* (1989), 184 Ill. App. 3d 392, 404, 540 N.E.2d 394.) Thus, the motion admits all well-pled facts and attacks only the legal sufficiency of the petition. (*Ostendorf*, 89 Ill. 2d at 280; *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 611, 190 N.E.2d 348; *Koffski v. Village of North Barrington* (1993), 241 Ill. App. 3d 479, 485, 609 N.E.2d 364; *Manning*, 114 Ill. App. 3d at 839.) Where a motion to strike a section 2—1401 petition is denied, the court should allow the moving party an opportunity to answer the allegations contained in the petition. (*In re Marriage of Frazier* (1990), 203 Ill. App. 3d 847, 854, 561 N.E.2d 160; *Manning*, 114 Ill. App. 3d at 840; *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 731, 398 N.E.2d 972.) Where the trial court denied plaintiff's motion to dismiss and immediately proceeded to rule on the merits of the section 2—1401 petition, the order granting the petition should be reversed, and the plaintiff should be granted leave to answer the petition. (See *Smith v. National Carriers, Inc.* (1989), 188 Ill. App. 3d 119, 124, 544 N.E.2d 20.) If plaintiff's answer controverts the central facts of the defendants' section 2—1401 petition, an evidentiary hearing must be held. *Ostendorf*, 89 Ill. 2d at 286.

■ Defendants contend that an evidentiary hearing was unnecessary because the central facts or merits of the section 2—1401 petition were not contested. The record reveals, however, that plaintiff was denied the opportunity to contest the central facts or merits of the petition where the trial court granted the petition without a hearing and refused plaintiff's requests for leave to file a response to defendants' section 2—1401 petition, to file counteraffidavits, and to depose defendants' affiants.

Defendants also argue that the trial court properly could have granted their section 2—1401 petition because plaintiff did not deny that (1) it participated in hearings without providing notice to defendants, even though several of the court's orders indicated that notice had been given, (2) notice of default was never served on defendants or their attorneys as required by section 2—1302 of the Code, and (3) it failed to execute on the judgment.

Defendants' claims regarding plaintiff's failure to give notice of several hearings appear to challenge the validity of the default judgment. Yet, the trial court had previously considered and rejected defendants' assertion that the default judgment was invalid. In its order of June 1, 1992, the trial court granted plaintiff's motion and dismissed defendants' initial motion to vacate, finding that the

default judgment entered against defendants was valid and would not be declared void for lack of jurisdiction. Although a void judgment may be attacked and set aside at any time (*In re Application of Dickey* (1978), 72 Ill. 2d 317, 323, 381 N.E.2d 260), defendants have not challenged the trial court's finding that the default judgment was valid.

Section 2—1302 provides that the failure to give notice of an order of default will not impair the force, validity, or effect of the order. (735 ILCS 5/2—1302 (West 1992).) In addition, an alleged failure to notify a defendant of the entry of a default judgment will not render such judgment void. *Cooper*, 122 Ill. App. 3d at 854.

Although it has been held that a delay in execution of more than 30 days after the rendition of a default judgment "casts a cloud upon the proceedings," this is but one of the factors to be considered in determining whether the defendants had exercised due diligence. (*Leavens, Armiros & Ross, Ltd. v. English* (1990), 203 Ill. App. 3d 16, 21, 560 N.E.2d 1031.) The other three elements necessary to support the allowance of section 2—1401 relief must also be shown by defendants through proper affidavits based upon competent evidence.

In the case at bar, the trial court granted defendants' section 2—1401 petition without a hearing on the merits and without allowing plaintiff leave to file a response or counteraffidavits. Because plaintiff was denied the right to controvert the central facts contained in defendants' section 2—1401 petition, we hold that the trial court's order granting the petition must be reversed, and the cause must be remanded for further proceedings on the merits of defendants' petition to vacate.

▮ Plaintiff also asserts that the decision of the trial court should be reversed because defendants failed to provide proper notice of their petition to vacate the default judgment.

Cook County Circuit Court Rule 2.1(a) requires that, except in actions appearing on the daily trial call or during the course of trial, written notice of the hearing of all motions shall be given to all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead, and to all parties whose time to appear has not expired on the date of notice. Subsections (b) and (c) specify the content, manner, and time of service of notice. Subsection (d) specifies the method of providing notice of motion in the law division, other than discovery motions. See Cook County Cir. Ct. R. 2.1 (as amended, effective September 1, 1988).

The record reveals that at the hearing on September 8, 1992, the only matter which had been noticed and was properly before the court was plaintiff's motion to dismiss the section 2—1401 petition.

This fact was acknowledged by defense counsel and by the court when the hearing was commenced. Indeed, the order entered by the court on that date reflected that the cause had been called for hearing on plaintiff's motion to dismiss. Defendants' petition had not been called for hearing on the merits, nor had the court set any briefing schedule or hearing date for the defendants' petition.

Although it is apparent that plaintiff did not receive proper notice that defendants' petition would be heard on September 8, 1992, it does not appear that the lack of notice was through the fault of defendants. Rather, the record indicates that the trial judge acted on his own motion to consider and grant the petition without a hearing and without considering any response that plaintiff might have filed. As indicated above, we hold that plaintiff must be granted leave to answer the petition and, if the central facts contained therein are controverted, the court should conduct an evidentiary hearing on the merits of the petition.

For the foregoing reasons, the order granting the defendants' section 2—1401 petition is reversed, and the cause is remanded to allow plaintiff to answer the petition.

Reversed and remanded.

EGAN, P.J., and RAKOWSKI, J., concur.