THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TIMOTHY HAYDEN, Defendant-Appellee.

Fifth District No. 5—96—0185

Opinion filed June 11, 1997.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Brian K. Trentman, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Following a much-publicized jury trial in the circuit court of St. Clair County, defendant Timothy Hayden was convicted of first-degree murder for the brutal stabbing death of his estranged wife Tracy and was sentenced to 55 years in the Department of Corrections. Defendant's posttrial motion was denied, and his conviction and sentence were affirmed on direct appeal to this court in an unpublished order filed December 14, 1993. *People v. Hayden*, 259 Ill. App. 3d 1052 (1993) (unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23)).

On October 4, 1994, defendant, through his counsel, filed a petition for postconviction relief pursuant to section 122—1 of the Post-

Conviction Hearing Act (725 ILCS 5/122—1 (West 1992)), citing numerous alleged instances of ineffective assistance of trial counsel and the ineffective assistance of appellate counsel. On February 14, 1995, defendant filed a supplemental petition for postconviction relief based on the failure to hold a hearing into his fitness to stand trial pursuant to section 104—21(a) of the Code of Criminal Procedure of 1963, which provides that a defendant who is being administered psychotropic medications is entitled to such a hearing (725 ILCS 5/104—21(a) (West 1992)). The supplemental petition alleges ineffective assistance of counsel in failing to request such a hearing, deprivation of defendant's constitutional right to due process, and ineffective assistance of appellate counsel for failing to raise the issue on direct appeal. The supplemental petition is supported by defendant's affidavit asserting that both before and during his trial he was being administered psychotropic medications, including Haldol. The petitions were docketed for further proceedings pursuant to section 122—2.1(b) of the Post-Conviction Hearing Act. 725 ILCS 5/122—2.1(b) (West 1992).

Pursuant to section 122—5 of the Post-Conviction Hearing Act (725 ILCS 5/122—5 (West 1992)), the State filed an amended motion to dismiss both the original and supplemental petitions. A hearing was held on this motion on March 31, 1995. The report of proceedings of this hearing clearly reflects that both attorneys and the court understood that the hearing was only on the State's amended motion to dismiss and not on the merits of defendant's petitions. The State's amended motion to dismiss defendant's original and supplemental postconviction petitions was taken under advisement.

On January 30, 1996, the trial court entered an order directing that the parties submit within 28 days proposed written orders on the amended motion to dismiss. The proposed written orders were to "be in the alternative regarding questions of law and/or various factual issues which would require an evidentiary hearing." On the twenty-eighth day, defendant submitted to the trial court two proposed orders, one of which was adopted by the trial court. The State failed to submit any proposed order.

Accordingly, on February 28, 1996, the circuit court of St. Clair County entered an order denying the State's amended motion to dismiss defendant's postconviction petitions. The court found that defendant was taking psychotropic drugs at the time of and immediately prior to his trial, that this was revealed in open court prior to defendant's trial, that the failure of defendant's counsel to request a fitness hearing pursuant to section 104—21(a) of the Code of Criminal Procedure of 1963 deprived defendant of the effective as-

sistance of counsel, and that the trial court's failure to order such a hearing was reversible error. Accordingly, the court granted defendant's supplemental petition for postconviction relief. The court did not address the issues raised in defendant's original postconviction petition. The trial court vacated defendant's conviction and ordered a new trial.

The State filed an amended motion to reconsider or vacate the court's order, arguing, *inter alia*, that the court had exceeded its authority not only in denying the State's amended motion to dismiss, but also in granting the defendant's supplemental petition without giving the State the opportunity to answer that petition, as provided in section 122—5 of the Post-Conviction Hearing Act (725 ILCS 5/122—5 (West 1992)). The State's motion was denied by order entered March 6, 1996. The State brings this appeal.

■ Section 122—5 of the Post-Conviction Hearing Act provides as follows:

> "Within 30 days after the making of an order pursuant to subsection (b) of Section 122—2.1, or within such further time as the court may set, the State shall answer or move to dismiss. In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial." 725 ILCS 5/122—5 (West 1992).

The Act clearly allows the State the opportunity to file an answer to the postconviction petition in the event its motion to dismiss is denied. It is equally clear that the trial court in the case at bar denied the State this opportunity. Accordingly, we reverse the judgment of the circuit court granting defendant's supplemental postconviction petition and remand this cause to the circuit court for further proceedings on defendant's original and supplemental petitions in accordance with the Post-Conviction Hearing Act and this opinion.

The Post-Conviction Hearing Act provides an original and independent remedy that is civil in nature. *People v. Wakat*, 415 Ill. 610 (1953); *People v. Robinson*, 25 Ill. App. 3d 52 (1975). The remedy afforded by the Post-Conviction Hearing Act closely resembles that available under the common-law writ of error *coram nobis* and its statutory substitute, section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)). *People v. Bernatowicz*, 413 Ill. 181 (1952). The primary difference between the two proceedings is the scope of review: the postconviction proceeding reviews to determine the existence of alleged deprivations of constitutional rights; the common-law writ and its statutory substitute review to determine the existence of facts unknown to the trial court that would have prevented the rendition of the judgment. *Bernatowicz*, 413 Ill. 181.

While we know of no case that discusses the right of the State to answer in a proceeding brought under the Post-Conviction Hearing Act, in *La Rabida Children's Hospital & Research Center v. Harrison*, 263 Ill. App. 3d 790, 798 (1994), the denial of an opportunity to file an answer to a petition brought under section 2—1401 of the Code of Civil Procedure, following the denial of a motion to dismiss, was found to be reversible error requiring a remand for further proceedings on the section 2—1401 petition. In that case, the defendants filed a petition pursuant to section 2—1401 of the Code of Civil Procedure seeking to vacate a default judgment entered against them. Plaintiff filed a motion to strike and dismiss defendants' section 2—1401 petition. Briefs were filed regarding the motion to dismiss, and a hearing was held on the motion to dismiss. Neither party believed that the merits of the section 2—1401 petition were being heard. At the conclusion of the hearing on the motion to dismiss, the trial court granted the section 2—1401 petition. Plaintiff objected and requested leave to file an answer to the section 2—1401 petition. The trial court denied this request. Plaintiff appealed. This court held that, where a motion to strike a section 2—1401 petition is denied, the court should allow the moving party an opportunity to answer the allegations contained in the petition. *Harrison*, 263 Ill. App. 3d at 797. Where the trial court denied plaintiff's motion to dismiss and immediately proceeded to rule on the merits of the section 2—1401 petition, the order granting the petition should be reversed, and the plaintiff should be granted leave to answer the petition. *Harrison*, 263 Ill. App. 3d at 797. If plaintiff's answer controverts the central facts of the defendant's section 2—1401 petition, an evidentiary hearing must be held. *Harrison*, 263 Ill. App. 3d at 797. The court pointed out that a motion to dismiss admits all well-pleaded facts and that the plaintiff was denied the opportunity to contest the central facts or merits of the petition where the trial court granted the petition without a hearing and refused plaintiff's request for leave to file a response to the section 2—1401 petition. *Harrison*, 263 Ill. App. 3d at 797-98. Accordingly, the trial court's order granting the section 2—1401 petition was reversed, and the cause was remanded for further proceedings on that petition.

We note that the facts in the instant case are remarkably similar to those in *Harrison*, and we think the same reasoning applies in the case of a postconviction petition to which the State files a motion to dismiss. This motion to dismiss admits all well-pleaded facts and does not contest the factual sufficiency of the petition. When that motion to dismiss is denied, the State should have the opportunity to contest the central facts or merits of the petition by the filing of an answer. This opportunity was denied to the State in the case at bar.

We will not speculate on what the substance of the State's answer might be or on whether it will raise any factual or legal issues requiring an evidentiary hearing under the Post-Conviction Hearing Act. We hold only that the trial court violated the terms of the Post-Conviction Hearing Act by refusing the State the opportunity to file an answer to the defendant's petitions upon the denial of its motion to dismiss. Accordingly, we reverse that part of the trial court's order that granted defendant's supplemental postconviction petition, vacated defendant's conviction, and ordered a new trial, and we remand this cause for further proceedings on defendant's petitions in accordance with the Post-Conviction Hearing Act and this opinion.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is reversed in part, and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed in part; cause remanded.

HOPKINS and CHAPMAN, JJ., concur.