802 N.E.2d 236 (2003)
207 Ill.2d 555
280 Ill.Dec. 311
The PEOPLE of the State of Illinois, Appellant and Cross-Appellee,
v.
Robert PINKONSLY, Appellee and Cross-Appellant.
No. 94644.
Supreme Court of Illinois.
November 20, 2003.
*238 James E. Ryan and Lisa Madigan, Attorneys General, Springfield, and Gary W. Pack, State's Attorney, Woodstock (Lisa Anne Hoffman and Mark L. Josephson, Assistant Attorneys General, Chicago, and Norbert J. Goetten, Martin P. Moltz and Lawrence M. Bauer, of the Office of the State's Attorneys Appellate Prosecutor, Elgin, of counsel), for the People.
Carol L. Anfinson, Aurora, for appellee and cross-appellant.
Justice FITZGERALD delivered the opinion of the court:
The State and the defendant, Robert Pinkonsly, both appeal a decision of the appellate court affirming in part and vacating in part a McHenry County circuit court order dismissing the defendant's amended petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2002)). Because the appellate court erred in vacating the defendant's unlawful delivery of a controlled substance convictions and sentences and in not vacating the extended-term sentence on his narcotics racketeering conviction, we reverse.

BACKGROUND
On December 4, 1989, the defendant sold 27.2 grams of cocaine to an undercover *239 police officer. Again, on December 6, 1989, the defendant sold 53.3 grams of cocaine to the officer. Finally, on December 12, 1989, the defendant sold 124.1 grams of cocaine to the officer. The defendant was arrested during this last sale. He was later indicted on one count of delivery of between 15 and 100 grams of a controlled substance (see Ill.Rev.Stat.1989, ch. 56½, par. 1401(a)(2)(A), currently codified at 720 ILCS 570/401(a)(2)(A) (West 2002)), one count of delivery of between 100 and 400 grams of a controlled substance (see Ill.Rev.Stat.1989, ch. 56½, par. 1401(a)(2)(B), currently codified as 720 ILCS 570/401(a)(2)(B) (West 2002)), and one count of narcotics racketeering (see Ill.Rev.Stat.1989, ch. 56½, par. 1654(a), currently codified at 725 ILCS 175/4(a) (West 2002)). The unlawful delivery offenses were Class X felonies; the narcotics racketeering offense was a Class 1 felony.
On August 23, 1991, the defendant was convicted on all three counts. At sentencing, the State asked the trial court to sentence the defendant to two concurrent 60-year, extended-term sentences on the delivery convictions and a consecutive 15-year sentence on the narcotics racketeering conviction. Defense counsel objected that "[t]here have been no necessary findings or evidence to indicate extended terms." The court sentenced the defendant to two concurrent 30-year sentences on the delivery convictions and another concurrent 30-year, extended-term sentence on the narcotics racketeering conviction. The defendant appealed, raising the sole issue of a purported speedy-trial violation. The appellate court affirmed. See People v. Pinkonsly, No. 2-91-1093, 239 Ill.App.3d 1109, 212 Ill.Dec. 150, 656 N.E.2d 473 (1993) (unpublished order under Supreme Court Rule 23).
More than six years after his conviction, on December 17, 1997, the defendant filed a pro se "Petition for Relief from Judgment" under section 2-1401 of the Code of Civil Procedure. The defendant asserted that his trial attorney was ineffective for failing to file a motion to reduce the defendant's sentence for narcotics racketeering and a motion to vacate the defendant's unlawful delivery convictions as lesser-included offenses of narcotics racketeering. The trial court appointed an attorney for the defendant, and this new attorney filed an "AMENDED PETITION TO REDUCE SENTENCE," arguing only that the length of the defendant's sentence was excessive in light of his age. The State did not respond to this petition, and the trial court dismissed it.
The defendant appealed, and the appellate court appointed another attorney for the defendant. On appeal, the defendant contended that all of his prior attorneys, including his court-appointed attorney on his section 2-1401 petition, were constitutionally ineffective because they failed to challenge his extended-term sentence for narcotics racketeering, and they failed to attack his unlawful delivery convictions as lesser-included offenses of narcotics racketeering. The appellate court ordered supplemental briefing on two issues: (1) whether narcotics racketeering and unlawful delivery are based on the same physical act; and (2) whether People v. Callaway, 185 Ill.App.3d 136, 133 Ill.Dec. 287, 540 N.E.2d 1153 (1989), which held that Class 1, 2, and 3 felony unlawful delivery convictions were lesser-included offenses of narcotics racketeering, a Class 1 felony, applied here.
The appellate court, with one justice dissenting, affirmed in part and vacated in part. 331 Ill.App.3d 984, 265 Ill.Dec. 484, 772 N.E.2d 855. The court rejected the State's argument that the defendant's section 2-1401 petition was untimely, because the State did not present that argument to *240 the trial court. 331 Ill.App.3d at 986, 265 Ill.Dec. 484, 772 N.E.2d 855. The court then declined to consider the defendant's ineffective-assistance claims regarding his trial and appellate attorneys, reasoning that such claims are not cognizable in a section 2-1401 petition. 331 Ill.App.3d at 986-87, 265 Ill.Dec. 484, 772 N.E.2d 855. The court, however, addressed the defendant's argument that his attorney on his section 2-1401 petition was ineffective for failing to raise the issue of whether unlawful delivery was a lesser-included offense of narcotics racketeering. 331 Ill.App.3d at 987, 265 Ill.Dec. 484, 772 N.E.2d 855. The court recited the familiar, two-prong Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard for analyzing sixth amendment ineffective-assistance claims and reviewed Illinois law on lesser-included offenses. 331 Ill.App.3d at 987-88, 265 Ill.Dec. 484, 772 N.E.2d 855. The court examined the charges against the defendant:
"The narcotics racketeering count contained an allegation that defendant participated in a pattern of narcotics activity. That allegation necessarily implied that defendant committed two Class 2, 1, or X felonies under the Cannabis Control Act [citation] or the Illinois Controlled Substances Act. Counts I and II alleged that defendant committed two Class X felonies under the Illinois Controlled Substances Act. Accordingly, the statutory elements of narcotics racketeering were implicitly contained in the unlawful-delivery-of-cocaine counts, a fact that renders the unlawful-delivery-of-cocaine counts lesser-included offenses. See People v. Callaway, 185 Ill.App.3d 136 [133 Ill.Dec. 287, 540 N.E.2d 1153] (1989)." 331 Ill.App.3d at 988, 265 Ill.Dec. 484, 772 N.E.2d 855.[1]
The court held that the defendant's section 2-1401 attorney was ineffective for failing to raise this issue and vacated the defendant's convictions and sentences on both delivery counts. 331 Ill.App.3d at 989, 265 Ill.Dec. 484, 772 N.E.2d 855. The court further held that the defendant's section 2-1401 attorney was not ineffective for failing to challenge the defendant's extended-term sentence on his narcotics racketeering conviction. 331 Ill.App.3d at 991, 265 Ill.Dec. 484, 772 N.E.2d 855. Though the trial court did not offer a basis for the extended-term sentence, the State mentioned at sentencing that the defendant had a prior Class 1 felony conviction for "possession with intent to deliver." 331 Ill.App.3d at 991, 265 Ill.Dec. 484, 772 N.E.2d 855.
The dissent initially noted that the majority opinion did not address the central issue in this case: whether predicate offenses are lesser-included offenses. 331 Ill.App.3d at 991, 265 Ill.Dec. 484, 772 N.E.2d 855 (O'Malley, J., dissenting). After reviewing Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), where the United States Supreme *241 Court expressed "serious doubts" that importing marijuana was a lesser-included offense of engaging in a continuing criminal enterprise, the dissent characterized the defendant's conduct as "multilayered and not susceptible to the `classic relationship' of lesser-included and greater offenses." 331 Ill.App.3d at 992, 265 Ill.Dec. 484, 772 N.E.2d 855. According to the dissent, the Class X delivery counts could not be lesser-included offenses of the Class 1 racketeering count:
"The General Assembly has chosen to make the delivery of between 15 and 100 grams of cocaine a Class X felony, while it has made the later-enacted narcotics racketeering a Class 1 felony. This scheme is indicative of the legislature's intent to make large-scale drug delivery a more serious offense than the receipt of income from multiple, smaller drug offenses, rather than a lesser-included offense." 331 Ill.App.3d at 994, 265 Ill. Dec. 484, 772 N.E.2d 855.
We allowed the State's petition for leave to appeal. 177 Ill.2d R. 315(a).

ANALYSIS
In its appeal, the State raises three issues: (1) whether the appellate court erred in granting relief on the defendant's section 2-1401 petition because it was untimely; (2) whether the appellate court erred in granting relief on the defendant's petition because ineffective assistance of counsel claims are not cognizable in section 2-1401 proceedings; and (3) whether the appellate court erred in granting relief on the defendant's petition because unlawful delivery of a controlled substance is not a lesser-included offense of narcotics racketeering. We review the trial court's dismissal of the defendant's section 2-1401 petition for an abuse of discretion. See People v. Haynes, 192 Ill.2d 437, 461, 249 Ill.Dec. 779, 737 N.E.2d 169 (2000).
Section 2-1401 of the Code of Civil Procedure, formerly section 72 of the Civil Practice Act, provides a comprehensive statutory procedure by which final orders and judgments may be challenged more than 30 days after their entry. People v. Harvey, 196 Ill.2d 444, 447, 257 Ill.Dec. 98, 753 N.E.2d 293 (2001) (stating that section 2-1401 provides a civil remedy, which also applies to criminal cases). A section 2-1401 petition filed more than two years after the challenged judgment cannot be considered absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed. People v. Caballero, 179 Ill.2d 205, 210-11, 227 Ill.Dec. 965, 688 N.E.2d 658 (1997); see 735 ILCS 5/2-1401(c) (West 2002). If the party opposing the section 2-1401 petition does not raise the limitations period as a defense, it may be waived. See Harvey, 196 Ill.2d at 447, 257 Ill.Dec. 98, 753 N.E.2d 293.
The defendant was convicted on August 23, 1991, but he did not file his pro se section 2-1401 petition until October 17, 1997, well beyond the two-year limitations period. The State did not raise the timeliness issue before the trial court, though it did raise that issue in answering the defendant's appeal. The State refers us to the "well-established rule" that a prevailing party may raise issues on appeal that were not raised at trial.
We agree with the State that, generally, an appellee may raise any arguments in support of the trial court's judgment, even though they were not raised before the trial court, provided they have a sufficient factual basis before the trial court. See People v. Monroe, 118 Ill.2d 298, 300, 113 Ill.Dec. 233, 515 N.E.2d 42 (1987); see also People v. Schott, 145 Ill.2d 188, 201, 164 Ill.Dec. 127, 582 N.E.2d 690 *242 (1991). However, in People v. Wright, 189 Ill.2d 1, 243 Ill.Dec. 198, 723 N.E.2d 230 (1999), we addressed a similar argument from the State in the context of a petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 1994)) and declined to apply this exception to the waiver rule. In Wright, the State argued on appeal that the defendant's postconviction petition was untimely because he filed it more than six months after the denial of his motion to reconsider the denial of his certiorari petition to the United States Supreme Court. The defendant responded that the State had waived its limitations period argument by failing to raise it before the trial court. The State relied upon this exception. We stated:
"Here, although the facts support the conclusion that defendant did not file his petition within the time limits found in section 122-1, that section allows a defendant to file a petition outside the limitations period if the late filing is not due to the defendant's culpable negligence. [Citation.] By not raising this issue until the cause was on appeal, the State has effectively precluded defendant from seeking to amend his petition to allege facts demonstrating that the late filing was not caused by his culpable negligence. While we recognize that section 122-1 requires the defendant to allege the facts demonstrating a lack of culpable negligence, we do not believe that this requirement allows the State to wait until an appeal to raise an affirmative defense that the defendant may be able to avoid by amending his petition. By failing to raise this issue below, the State has waived its right to argue that the defendant's petition is untimely." Wright, 189 Ill.2d at 11, 243 Ill.Dec. 198, 723 N.E.2d 230.
Just as the Post-Conviction Hearing Act has an exception to its limitations period for delays not attributable to the defendant's culpable negligence (see 725 ILCS 5/122-1(c) (West 2002)), section 2-1401 has an exception to its limitations period for delays attributable to disability, duress, or fraudulent concealment (see 735 ILCS 5/2-1401(c) ("Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years")). We conclude that our statement in Wright applies with equal force here. If the State wished to argue that the defendant's section 2-1401 petition was untimely, it should have done so before the trial court, where any amendments could have been made and any factual disputes could have been resolved. Wright, 189 Ill.2d at 12, 243 Ill. Dec. 198, 723 N.E.2d 230. The State waived its timeliness argument. We turn to the propriety of the defendant's section 2-1401 petition.
In a legal memorandum supporting his pro se section 2-1401 petition, the defendant claimed, inter alia, that he was deprived of "his Fifth Amendment Right to be protected from conviction and multiple punishments for the same conduct" because he was convicted and sentenced for both unlawful delivery and narcotics racketeering. Before the appellate court, the defendant dropped this constitutional characterization of the issue and simply argued that the delivery convictions were lesser-included offenses of the narcotics racketeering conviction under the so-called charging instrument approach and, accordingly, they should be vacated. Here, the State argues that the charging instrument approach subverts the legislature's intent that narcotics racketeering supplement existing drug trafficking sanctions.
This issue is still essentially a constitutional issue. The prohibition against double jeopardy (see U.S. Const., *243 amends. V, XIV; Ill. Const.1970, art. I, § 10; see also 720 ILCS 5/3-4 (West 2002)) safeguards against multiple punishments for the same offense (see North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664-65 (1969); People v. Totten, 118 Ill.2d 124, 130-31, 113 Ill.Dec. 47, 514 N.E.2d 959 (1987)) and consequently bars prosecution for both an offense and a lesser-included offense (see Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); People v. Washington, 272 Ill.App.3d 913, 920, 209 Ill.Dec. 447, 651 N.E.2d 625 (1995); see generally People v. King, 66 Ill.2d 551, 566, 6 Ill.Dec. 891, 363 N.E.2d 838 (1977)). However, we decline to reach this issue. Though the parties dispute the application of the charging instrument approach, neither party has squarely addressed double jeopardy in this appeal. Additionally, we will not consider a constitutional issue if we can decide the case on other grounds. See Bonaguro v. County Officers Electoral Board, 158 Ill.2d 391, 396, 199 Ill.Dec. 659, 634 N.E.2d 712 (1994); In re Estate of Ersch, 29 Ill.2d 572, 576-77, 195 N.E.2d 149 (1963) ("It is the established rule of this court that a constitutional question will not be considered if the case can be decided without doing so").
To obtain relief under section 2-1401, the defendant "must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." Smith v. Airoom, Inc., 114 Ill.2d 209, 220-21, 102 Ill.Dec. 368, 499 N.E.2d 1381 (1986); accord Kaput v. Hoey, 124 Ill.2d 370, 378, 125 Ill.Dec. 202, 530 N.E.2d 230 (1988). That is, in order to obtain relief under section 2-1401, the defendant must show both a meritorious defense to the charges against him and due diligence in presenting it.
A meritorious defense under section 2-1401 involves errors of fact, not law. See Haynes, 192 Ill.2d at 461, 249 Ill.Dec. 779, 737 N.E.2d 169; see also Burns v. People, 9 Ill.2d 477, 480, 138 N.E.2d 525 (1956) (noting that a section 72 motion "is not available for the purpose of correcting errors at law" such as ineffective assistance of counsel). As we have stated:
"A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition. [Citations.] A section 2-1401 petition, however, is `not designed to provide a general review of all trial errors nor to substitute for direct appeal.'" Haynes, 192 Ill.2d at 461, 249 Ill.Dec. 779, 737 N.E.2d 169, quoting People v. Berland, 74 Ill.2d 286, 314, 24 Ill.Dec. 508, 385 N.E.2d 649 (1978).
For this reason, a section 2-1401 petition differs from a postconviction petition. A postconviction petition requires the court to decide whether the defendant's constitutional rights were violated at trial (see 725 ILCS 5/122-1(a) (West 2002)); a section 2-1401 petition, on the other hand, requires the court to determine whether facts exist that were unknown to the court at the time of trial and would have prevented entry of the judgment. See People v. Hayden, 288 Ill. App.3d 1076, 1078, 229 Ill.Dec. 699, 692 N.E.2d 688 (1997). The defendant does not argue that the trial court should have considered his section 2-1401 petition as a postconviction petition. See People ex rel. Palmer v. Twomey, 53 Ill.2d 479, 484, 292 N.E.2d 379 (1973); People v. Gandy, 227 *244 Ill.App.3d 112, 139, 169 Ill.Dec. 165, 591 N.E.2d 45 (1992) ("Where the section 2-1401 petition is prepared pro se and alleges a deprivation of constitutional rights cognizable under the Post-Conviction Hearing Act, the trial court is to treat it as such"). Such an argument would fail because, although his initial petition was pro se, his amended petition, which is the subject of this appeal, was prepared by an attorney and clearly brought under section 2-1401. See People v. Phelps, 51 Ill.2d 35, 38, 280 N.E.2d 203 (1972) (holding that where an amended postconviction petition filed by appointed counsel did not include allegations from the defendant's pro se postconviction petition, such issues were not before the court); cf. Barnett v. Zion Park District, 171 Ill.2d 378, 384, 216 Ill. Dec. 550, 665 N.E.2d 808 (1996) ("Where an amended pleading is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be part of the record for most purposes and is effectively abandoned and withdrawn").
We have long held that section 2-1401 proceedings are not an appropriate forum for ineffective-assistance claims because such claims do not challenge the factual basis for the judgment. See People v. Anderson, 31 Ill.2d 262, 264, 201 N.E.2d 394 (1964); accord People v. Smith, 176 Ill.App.3d 132, 136, 125 Ill.Dec. 695, 530 N.E.2d 1104 (1988). The appellate court here correctly refused to disturb the ruling of the trial court denying relief to the defendant on his claims that his trial and appeal attorneys were ineffective. Before the appellate court, the defendant also asserted that his section 2-1401 attorney was ineffective for failing to raise the lesser-included offense issue. That court agreed with the defendant. The State now contends that the defendant was not entitled to effective assistance of counsel in the section 2-1401 proceeding.
The right to assistance of counsel at trial is derived from the sixth amendment, but the right to assistance of counsel in collateral postconviction proceedings is a matter of legislative grace. People v. Owens, 139 Ill.2d 351, 364, 151 Ill.Dec. 522, 564 N.E.2d 1184 (1990); People v. Porter, 122 Ill.2d 64, 73, 118 Ill.Dec. 465, 521 N.E.2d 1158 (1988). A defendant may not properly assert a constitutional claim of ineffective assistance of postconviction counsel (see People v. Davis, 156 Ill.2d 149, 159, 189 Ill.Dec. 49, 619 N.E.2d 750 (1993)) because a postconviction petitioner is guaranteed only the level of assistance provided by the Post-Conviction Hearing Act. See People v. Flores, 153 Ill.2d 264, 276, 180 Ill.Dec. 1, 606 N.E.2d 1078 (1992); see also People v. Wright, 149 Ill.2d 36, 64, 171 Ill.Dec. 424, 594 N.E.2d 276 (1992) (postconviction petitioners are guaranteed a "reasonable" level of assistance); 134 Ill.2d R. 651(c).
"This distinction is rational, because trial counsel plays a different role than counsel in post-conviction proceedings. [Citation.] At trial, counsel acts as a shield to protect defendants from being `haled into court' by the State and stripped of their presumption of innocence. [Citation.] Post-conviction petitioners, however, have already been stripped of the presumption of innocence, and have generally failed to obtain relief on appellate review of their convictions. * * * Counsel are appointed to represent post-conviction petitioners, not to protect them from the prosecutorial forces of the State, but to shape their complaints into the proper legal form and to present those complaints to the court." Owens, 139 Ill.2d at 364-65, 151 Ill.Dec. 522, 564 N.E.2d 1184.
The defendant here is not a postconviction petitioner, but instead a section 2-1401 petitioner. Section 2-1401 *245 does not specify any level of assistance, and the appellate court erroneously applied the Strickland standard to the defendant's claim that his section 2-1401 attorney was ineffective. Assuming that the defendant was entitled to the same level of assistance on his section 2-1401 petition as on a postconviction petition, the defendant did not receive unreasonable assistance. The defendant's attorney was not unreasonable for failing to raise a putative legal error in a proceeding where only fact errors are cognizable. See People v. Landwer, 166 Ill.2d 475, 486, 211 Ill.Dec. 465, 655 N.E.2d 848 (1995) ("Whether a charged offense encompasses an included offense is a matter of law"). The appellate court erred in vacating the defendant's unlawful delivery convictions and sentences.
In his cross-appeal, the defendant raises one issue: whether the appellate court erred in refusing to grant relief on his claim that an extended-term sentence for narcotics racketeering was improper.
The Unified Code of Corrections allows an extended term sentence only "for the class of the most serious offense of which the offender was convicted." Ill. Rev.Stat.1989, ch. 38, par. 1005-8-2(a), currently codified as 730 ILCS 5/5-8-2(a) (West 2002). At sentencing, the defendant stood convicted of two counts of unlawful delivery, both Class X felonies, and one count of narcotics racketeering, a Class 1 felony. Thus, the defendant could have received an extended-term sentence only on the delivery convictions. The State concedes that "if this Court reverses the appellate court decision on the Class X offenses, narcotics racketeering is not the highest statutory class of offenses for which Defendant was convicted."
Because the appellate court erred in vacating the defendant's unlawful delivery convictions, it also erred in refusing to vacate the sentence on his narcotics racketeering conviction. See People v. Arna, 168 Ill.2d 107, 113, 212 Ill.Dec. 963, 658 N.E.2d 445 (1995) ("A sentence which does not conform to a statutory requirement is void"). In the exercise of our supervisory authority, we impose a 15-year sentence on the defendant's narcotics racketeering conviction (see 730 ILCS 5/5-8-1(a)(4) (West 2002)), to run concurrently with his 30-year sentences on the delivery convictions. See 134 Ill.2d R. 615(b)(4) ("On appeal the reviewing court may * * * reduce the punishment imposed by the trial court").

CONCLUSION
For the reasons that we have discussed, we reverse the judgment of the appellate court and affirm the judgment of the circuit court as modified.
Appellate court judgment reversed; circuit court judgment affirmed as modified.
Justice FREEMAN, concurring in part and dissenting in part:
The court today holds that the appellate court erred in applying the familiar Strickland standard to defendant's claim that his section 2-1401 attorney rendered him ineffective assistance of counsel. While I agree that the Strickland analysis is inapplicable under these circumstances, I disagree with the court's treatment of defendant's contention and, as a result, cannot join in that portion of its opinion.

I
Defendant began these collateral proceedings by filing a pro se section 2-1401 petition for relief. In the petition, defendant alleged two distinct reasons for claiming ineffective assistance of counsel. Defendant asserted that he met with his trial attorney after sentencing and expressed *246 "shock" over receiving a 30-year sentence and that he inquired as to why he had received a 30-year sentence on a Class 1 felony. Defendant alleged that he asked his attorney to file a motion to reduce sentence and that no action was ever taken on defendant's request. Defendant further alleged that he then spoke with his appointed appellate attorney and asked her to address the sentencing issue. Defendant alleged that his appellate attorney erroneously replied that his previous attorney's failure to move to reduce sentence rendered the issue waived. Defendant further claimed that neither his trial attorney nor his appellate attorney "ever mention[ed] that the two unlawful deliveries were lesser included offenses of narcotic racketeering, as such were barred by double jeopardy." Defendant attached an affidavit to his petition and sought leave of court to proceed as a pauper in the proceedings. In a memorandum of law filed with the petition, defendant argued that his appellate attorney should have recognized that defendant's sentencing scheme was erroneous on its face: "The unlawful delivery charges are included offenses of narcotic racketeering * * * and a reviewing court may review an issue not properly preserved if it involves an error affecting a substantial right of the defendant."
The transcripts reveal that the circuit court was concerned about defendant's pro se allegations and, to that end, appointed counsel for defendant. Counsel thereafter filed an "Amended Petition to Reduce Sentence." The record reveals, however, that defendant was dissatisfied with his appointed counsel and that he moved to have her dismissed and be allowed to proceed pro se.[2] The court denied that motion and eventually denied relief on defendant's petition.
On appeal, defendant argued that the circuit court erred in denying his petition.[3] He claimed that his convictions violated the double jeopardy clause and that all of his attorneys, including the one appointed in the collateral proceeding, had rendered constitutionally infirm assistance by failing to raise the issue. The State raised three arguments in support of the circuit court's judgment. The State first argued that defendant's section 2-1401 petition was untimely. The State further argued that, under Strickland, counsel was not ineffective for either failing to argue the vacatur of the convictions on the lesser-included offenses or failing to move to reduce sentence.
The appellate court began its opinion by noting that the State's contention, raised for the first time in its appellate brief, that defendant's section 2-1401 petition was untimely, was waived. 331 Ill.App.3d at 986, 265 Ill.Dec. 484, 772 N.E.2d 855. The appellate court then noted that defendant's contentions concerned ineffective assistance of counsel claims at the sentencing, appeal, and petition stages of this case because none of the attorneys raised certain sentencing issues. 331 Ill.App.3d at 986, 265 Ill.Dec. 484, 772 N.E.2d 855. The court did not consider any of these arguments, however, because "the ineffectiveness of counsel is not appropriate for review in a proceeding under section 2-1401." 331 Ill.App.3d at 986-87, 265 Ill. Dec. 484, 772 N.E.2d 855. The appellate court, however, agreed with defendant that *247 his section 2-1401 attorney was ineffective for failing to raise the lesser-included offense issue. 331 Ill.App.3d at 987, 265 Ill.Dec. 484, 772 N.E.2d 855.
In today's opinion, this court explains that the appellate court correctly refused to consider the claims raised in the section 2-1401 petition regarding the ineffective assistance of trial and appellate counsel. The court points out that such claims are more properly raised in proceedings under our Post-Conviction Hearing Act. 207 Ill.2d at 564-66, 280 Ill.Dec. at 317-319, 802 N.E.2d at 242-244. I agree. The Act is the proper vehicle in which to raise collateral constitutional challenges to a conviction. The court goes on to note, however, that the appellate court erred in holding that defendant received ineffective assistance of counsel from his section 2-1401 attorney.
As an initial matter, it must be remembered that our Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 2002)) was developed in response to criticisms regarding the collateral procedures available under Illinois law to prisoners who wished to attack their convictions. See People v. Slaughter, 39 Ill.2d 278, 235 N.E.2d 566 (1968). As we explained in Slaughter, "[t]he available methods by which a judgment of conviction could be attacked in Illinois were writ of error, habeas corpus, and coram nobis. The Supreme Court of the United States was troubled, because no matter which method a prisoner pursued, he appeared always to be met by a claim that he should have pursued a different remedy." Slaughter, 39 Ill.2d at 284, 235 N.E.2d 566. As the court correctly points out, under the Post-Conviction Hearing Act counsel are appointed to represent postconviction petitioners "`not to protect them from the prosecutorial forces of the State, but to shape their complaints into the proper legal form and to present those complaints to the court.'" (Emphasis added.) 207 Ill.2d at 568, 280 Ill.Dec. at 319-320, 802 N.E.2d at 244-245, quoting People v. Owens, 139 Ill.2d 351, 365, 151 Ill.Dec. 522, 564 N.E.2d 1184 (1990). However, this court has also recognized that "the same lack of legal knowledge which causes a prisoner to draft an inadequate post-conviction petition might result in his selecting the wrong method of collaterally attacking his conviction. A salutary result, consistent with the intent of the Post-Conviction Hearing Act * * * would be achieved if the circuit court, upon finding that a pro se petition, however labeled, and however inartfully drawn, alleged violations of the petitioner's rights cognizable in a post-conviction proceeding, would thereafter, for all purposes, treat it as such." People ex rel. Palmer v. Twomey, 53 Ill.2d 479, 484, 292 N.E.2d 379 (1973).
My review of the transcripts in this case reveals that the circuit court attempted to treat defendant's section 2-1401 petition as a postconviction pleading in conformity with this court's directive in Twomey. My conclusion is supported by several facts which are established by the record. First, defendant's pro se claims were couched in terms of a constitutional violationineffective assistance of both trial and appellate counsel, which would serve as the constitutional predicate necessary for pleading an action under the Act. Second, the trial judge appointed counsel to defendant because she believed that defendant's claims of error were substantial enough to warrant professional legal assistance. I note that section 2-1401 does not provide for the appointment of counsel, but the Act does. Third, the trial judge referred to the Act on several occasions as evinced by her comments in the transcripts, in one instance going so far as to cite the standard necessary to survive dismissal *248 under the Act.[4] Taken together, these facts demonstrate to me that the circuit court attempted to help defendant by having an appointed attorney take over the case and shape defendant's complaints into the proper legal form.
In this appeal, however, the court dismisses the relevance of Twomey by stating that any argument based on Twomey would fail because
"although [defendant's] initial petition was pro se, his amended petition, which is the subject of this appeal, was prepared by an attorney and clearly brought under section 2-1401." 207 Ill.2d at 566, 280 Ill.Dec. at 319, 802 N.E.2d at 244.
Thus, according to the court, because defendant received the benefit of counsel, we need not treat the section 2-1401 petition as a postconviction petition.
Having concluded that the presence of counsel in this case renders unnecessary our viewing defendant's section 2-1401 petition as a postconviction petition, the court goes on to discuss whether the appellate court erred in holding that defendant received ineffective assistance of counsel at the section 2-1401 proceedings. The court notes correctly that a petitioner seeking relief pursuant to the Post-Conviction Hearing Act is guaranteed only the level of assistance provided under the Act, which this court has ruled is a "reasonable" level of assistance. 207 Ill.2d at 567, 280 Ill. Dec. at 319, 802 N.E.2d at 244. The court points out that defendant here is not proceeding under the Act, but rather is proceeding pursuant to section 2-1401. The court states:
"Section 2-1401 does not specify any level of assistance, and the appellate court erroneously applied the Strickland standard to the defendant's claim that his section 2-1401 attorney was ineffective. Assuming that the defendant was entitled to the same level of assistance on his section 2-1401 petition as on a postconviction petition, the defendant did not receive unreasonable assistance. The defendant's attorney was not unreasonable for failing to raise a putative legal error in a proceeding where only fact errors are cognizable." 207 Ill.2d at 568, 280 Ill.Dec. at 320, 802 N.E.2d at 245.
I agree that the appellate court was incorrect in applying a Strickland analysis to defendant's claim. However, I cannot agree that defendant received "reasonable" assistance of counsel under these facts.
The claims asserted by defendant in his pro se petition clearly form the basis of relief under a postconviction proceeding. The trial court clearly recognized as much and sought to appoint counsel to aid defendant in the presentation of his claims. Under the court's ruling today, however, defendant would have been better off without the appointment of counsel because then each court at every level would have been obligated to treat his allegations as a postconviction petition filed under the Act. Defendant's pro se petition contained claims of ineffective assistance of both trial and appellate counsel, based on (i) the failure to raise the lesser-included offenses issue and (ii) the failure to seek reduction of the 30-year sentence. Today's opinion does not address whether appointed counsel was reasonable in her representation where she neglected to redraft these obvious constitutional contentions into the proper legal form, i.e., a petition under the *249 Post-Conviction Hearing Act. In my view, any assessment of reasonableness must turn on whether there is any merit to either argument. Instead, the court states that it was not unreasonable for counsel to not include the lesser-included offense issue in her amended section 2-1401 petition because such an assertion of error is one of law, and section 2-1401 constitutes a proceeding where only fact errors are cognizable. 207 Ill.2d at 568, 280 Ill.Dec. at 319-320, 802 N.E.2d at 244-245. Such a response misses the mark in my view. I believe counsel rendered no assistance to defendant when she failed to recognize that defendant's initial pro se petition contained two bases for relief. Counsel failed in "shap[ing] [defendant's] complaints into the proper legal form and * * * present[ing] those complaints to the court" (People v. Owens, 139 Ill.2d at 364-65, 151 Ill.Dec. 522, 564 N.E.2d 1184) by neglecting to raise defendant's lesser-included offense issue as a separate claim under the Post-Conviction Hearing Act and by neglecting to redraft the ineffective assistance of counsel claims under the Act as well. Ironically, had the circuit court not appointed counsel to defendant, this court, as well as the appellate court, would have been obligated to treat defendant's pro se section 2-1401 petition as a postconviction petition (see Twomey, 53 Ill.2d at 484, 292 N.E.2d 379) and, as such, would be required to examine, in the course of determining whether defendant's trial and appellate counsel were ineffective, the merits of defendant's lesser-included offenses argument. Under these circumstances, I cannot join in the court's conclusion that counsel appointed during these collateral proceedings provided "reasonable" representation when her so-called "reasonable" actions are what prevents this court from addressing the sum and substance of defendant's pro se allegations.
I am disturbed that my colleagues are content to say that counsel's representation was not unreasonable under these facts and that, because of this, we need not concern ourselves with the substance of defendant's claims. I would posit that an attorney who makes such a fundamental mistake has not provided any level of assistance to his or her client, let alone a "reasonable" level of assistance. In my view, appointed counsel should have recognized that defendant's claims of ineffective assistance of counsel had to be redrafted in the form of a petition under the Post-Conviction Hearing Act. Moreover, any determination regarding the reasonableness of counsel's actions would require this court to review the merits of defendant's claim, i.e., whether his contention regarding the lesser-included offenses was meritorious. If that claim is not meritorious, then counsel could not be faulted for failing to raise or redraft a nonmeritorious claim in postconviction form. Therefore, I disagree with the court's decision, "declin[ing] to reach" the issue regarding whether illegal delivery is a lesser-included offense of narcotics racketeering. 207 Ill.2d at 565, 280 Ill.Dec. at 317, 802 N.E.2d at 242.
Today's decision is notable in that defendant is told that he chose the wrong legal forum to raise his challenge, but that the lawyer was reasonable for ignoring the claim because it was not cognizable under section 2-1401. Ironically, this is the same lawyer to whom defendant, in the circuit court, presciently characterized as having had no understanding of this case. By its actions today, the court confirms defendant's suspicions.

II
The resolution of defendant's cross-appeal is necessarily impacted by the conclusion reached on the lesser-included offenses *250 issue. The State concedes that if the convictions for illegal delivery are reinstated, then defendant's extended-term sentence for narcotics racketeering cannot stand. As I stated above, I do not join in the court's decision as to that issue because I believe that this court must first assess the merits of defendant's lesser-included offenses issue in order to resolve whether appointed counsel provided "unreasonable" representation in this collateral proceeding. The court does not do that and, as a result of its treatment of that issue, the court reinstates defendant's illegal delivery charges. Given that fact, I accept the State's concession, and join only in that portion of the opinion which reduces the sentence.

III
In this case, defendant attempted to raise several constitutional challenges to his sentences for illegal delivery and narcotics racketeering. Unfortunately for defendant, he erroneously utilized the wrong legal vehicle to raise these challenges. Notwithstanding the circuit court's appointment of counsel, defendant's claims are still out of our reach because his attorney failed to shape his contentions into the proper legal form and that failure is deemed "reasonable" by my colleagues. This conclusion is reached without first assessing whether defendant's constitutional challenges have merit. This is troubling since two appellate justices believe that defendant's convictions violated the single act rule, which has its basis in the double jeopardy clause of the United States Constitution. See People v. King, 66 Ill.2d 551, 6 Ill.Dec. 891, 363 N.E.2d 838 (1977) (and cases cited therein). Under these circumstances, our inquiry into whether appointed counsel rendered "reasonable" representation to defendant in these proceedings should consist of more than the court's single sentence, which concludes that counsel was not ineffective for failing to raise the legal argument in the section 2-1401 petition. See 207 Ill.2d at 568, 280 Ill.Dec. at 319-320, 802 N.E.2d at 244-245. The proper inquiry, in my view, is whether counsel acted reasonably in declining to redraft defendant's pro se contention regarding the lesser-included offenses issue into the proper legal form. Such an inquiry is particularly apt in this case where the record affirmatively demonstrates that defendant was so dissatisfied with his attorney that he sought leave to proceed pro se.
Chief Justice McMORROW joins in this partial concurrence and partial dissent.
NOTES
[1] The appellate court here also cited People v. Smith, 295 Ill.App.3d 405, 229 Ill.Dec. 848, 692 N.E.2d 837 (1998), parenthetically noting that "the Appellate Court, Fifth District, vacated a Class X possession of a controlled substance (cocaine) with intent to deliver, stating that it was a lesser-included offense of narcotics racketeering." 331 Ill.App.3d at 989, 265 Ill.Dec. 484, 772 N.E.2d 855. Our review of Smith reveals such a holding, but only in material designated as unpublishable under Supreme Court Rule 23. That holding, accordingly, had no precedential value and should not have been relied upon by the appellate court. See 166 Ill.2d R. 23(e) ("An unpublished order of the court is not precedential and may not be cited by any party except to support contentions of double jeopardy, res judicata, collateral estoppel or law of the case"); Baker v. Hutson, 333 Ill.App.3d 486, 492, 266 Ill.Dec. 791, 775 N.E.2d 631 (2002); People v. Petty, 311 Ill.App.3d 301, 303, 244 Ill.Dec. 171, 724 N.E.2d 1059 (2000).
[2] In his written motion for dismissal of appointed counsel, defendant stated that it was clear to him that his appointed counsel "did not have the time, desire, or understanding of this cause to adequately represent" him. (Emphasis added.) Defendant specifically took issue with the amended petition that counsel filed in his behalf.
[3] Defendant was represented by a different attorney on appeal.
[4] I would point out that counsel, in response to the court, agreed with the court on this point.