NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190622-U

NO. 4-19-0622

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 29, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| CHRISTOPHER L. PARKER, | ) | No. 07CF176 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Eric S. Pistorius, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err by denying defendant's petition for relief from judgment.

¶ 2    In August 2019, defendant, Christopher L. Parker, filed a *pro se* petition for relief from judgment under section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West Supp. 2019) (text of section as amended by Pub. Act 101-27)). In his petition, defendant asserted his conviction was void because (1) it was procured by fraud since he was admonished he could receive probation when he was actually ineligible to receive probation and (2) the circuit court lacked subject matter jurisdiction of his case until he was properly admonished of the true penalties he faced when pleading guilty to criminal sexual assault. The State filed an answer to defendant's petition, asserting defendant's petition was frivolous. After reviewing both documents, the Jersey County circuit court entered an order denying defendant's section

2-1401 petition.

¶ 3        Defendant appeals *pro se*, contending (1) his February 2008 conviction is void because the circuit court lacked personal jurisdiction until he was lawfully arrested, (2) trial counsel was ineffective for failing to raise the aforementioned claim at the preliminary hearing, and (3) if the judgment in this case is void, the application of section 3 of the Sex Offender Registration Act (730 ILCS 150/3 (West Supp. 2019)) to him would violate his due process rights.  We affirm.

¶ 4                                I. BACKGROUND

¶ 5        In October 2007, the State charged defendant with two counts of criminal sexual assault (counts I and II) (720 ILCS 5/12-13(a)(2) (West 2006)), one count of predatory criminal sexual assault of a child (count III) (720 ILCS 5/12-14.1(a)(1) (West 2006)), and one count of criminal sexual abuse (count IV) (720 ILCS 5/12-15(c) (West 2006)).  At a January 2008 hearing, defendant pleaded guilty to the offense of criminal sexual assault in count II as part of an open plea agreement.  In February 2008, the circuit court sentenced defendant to 10 years in prison with a 2-year mandatory supervised release (MSR) term.  Defendant filed a *pro se* motion for a reduction of his sentence.  At the hearing on the motion, defendant argued his sentence should be reduced because he had been advised at the guilty plea hearing he would receive day-for-day good-time credit in prison and later discovered he was required to serve 85% of his 10-year sentence.  The circuit court granted the motion and reduced defendant's sentence to five years and three months with a two-year MSR term.

¶ 6        In September 2008, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2008)), claiming (1) MSR violates the fourteenth amendment to the United States Constitution (U.S. Const.,

amend. XIV) and (2) he was unaware of the two-year MSR term at the time of sentencing. The circuit court dismissed the petition, finding it frivolous and patently without merit.

¶ 7         In February 2009, defendant filed a *pro se* successive petition for postconviction relief, claiming his guilty plea was involuntary because he had been advised at the plea hearing he would receive a two-year MSR term and prison records indicated he had received a mandatory MSR term of three years to life. The next month, the circuit court granted defendant's request to withdraw his guilty plea and vacated defendant's sentence. In June 2009, pursuant to a negotiated plea agreement, defendant pleaded guilty to the offense of criminal sexual assault in count II. The circuit court sentenced him to five years and three months in prison with an MSR term of three years to life.

¶ 8         In June 2010, defendant filed his second motion for leave to file a successive postconviction petition, raising a claim of ineffective assistance of counsel. The following month, the circuit court denied defendant's request.

¶ 9         On July 24, 2014, defendant filed his first *pro se* petition for relief from judgment, claiming he was not told at the time of his guilty plea "that if I could not find a 'host site' I would not have an out date" from prison. Defendant asked to withdraw his plea. He also filed a *pro se* motion for the judge to recuse himself from hearing the petition for relief from judgment. On July 31, 2014, the circuit court denied both defendant's petition for relief from judgment and his motion for recusal. Defendant filed a *pro se* motion to reconsider the denial of his petition for relief from judgment, arguing he was not receiving the benefit of his plea bargain because he does not have an out date and has served almost seven years in prison. The court denied the motion to reconsider, stating the MSR term is controlled by the Department of Corrections and not by the court. Defendant appealed, and this court affirmed the circuit court's denial of the

motion for recusal but reversed the circuit court's denial of defendant's petition for relief from judgment because the petition was not ripe for adjudication. *People v. Parker*, 2016 IL App (4th) 140777-U, ¶¶ 19, 27. On remand, the State filed an answer to defendant's petition for relief from judgment, and the circuit court denied the petition in January 2017.

¶ 10　　　　On October 6, 2017, defendant filed his third motion for leave to file a successive postconviction petition. On October 24, 2017, the circuit court denied the motion in a written order. The court found defendant failed to show cause by identifying an objective factor that impeded his ability to raise a specific claim in prior postconviction proceedings and failed to show prejudice. It also noted defendant's motion was the sixteenth collateral petition he had filed since his June 2009 conviction. Defendant appealed, and this court affirmed the circuit court's judgment. *People v. Parker*, 2019 IL App (4th) 170841-U.

¶ 11　　　　On August 7, 2019, defendant filed his second section 2-1401 petition, which is at issue in this appeal. He asserted his conviction was void because it was procured by fraud and the circuit court lacked subject matter jurisdiction. The State filed an answer, noting defendant had previously raised his issues in prior collateral petitions. On August 21, 2019, the circuit court entered a written order, denying defendant's section 2-1401 petition. The court noted defendant's prison sentence was reduced from 10 years to 5 years in March 2008, which cured any alleged errors when defendant was given the right to withdraw his plea but instead accepted the lesser sentence.

¶ 12　　　　On September 11, 2019, defendant filed a timely notice of appeal from the denial of his section 2-1401 petition in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). On appeal, defendant requested to proceed *pro se*, and this court granted the

Office of the State Appellate Defender's motion to withdraw as counsel.

¶ 13                                    II. ANALYSIS

¶ 14                              A. Personal Jurisdiction

¶ 15        The State first argues defendant has forfeited his personal jurisdiction argument because he did not raise it in his section 2-1401 petition.  The State also contends defendant has forfeited his argument because he cites no legal authority in support of his claim the circuit court lacked personal jurisdiction over him due to his unlawful arrest because he was 17 years of age when he was questioned and arrested without a parent, legal guardian, or attorney present.  The State is correct defendant's claim on appeal is different than the one raised in his section 2-1401 petition, which challenged the circuit court's subject matter jurisdiction over his conviction and not personal jurisdiction.  Generally, claims not included in a section 2-1401 petition are forfeited on appeal. See *People v. Thompson*, 2015 IL 118151, ¶ 39, 43 N.E.3d 984 (finding forfeited an as-applied constitutional challenge to sentence raised for the first time on appeal from the dismissal of a section 2-1401 petition).  Moreover, the failure to cite legal authority is a violation of Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) and results in forfeiture of the issue.  *Sekerez v. Rush University Medical Center*, 2011 IL App (1st) 090889, ¶ 81, 954 N.E.2d 383.  Here, defendant has not shown a void order, which avoids the application of the doctrine of forfeiture.  Accordingly, we find defendant has forfeited his contention regarding personal jurisdiction.

¶ 16                              B. Assistance of Counsel

¶ 17        As to defendant's ineffective assistance of counsel claim, the State asserts a section 2-1401 petition is not the proper forum for a claim of ineffective assistance of counsel. Our supreme court has "long held that section 2-1401 proceedings are not an appropriate forum

for ineffective-assistance claims because such claims do not challenge the factual basis for the judgment." *People v. Pinkonsly*, 207 Ill. 2d 555, 567, 802 N.E.2d 236, 244 (2003). Thus, we agree with the State defendant cannot raise a claim of ineffective assistance of counsel in a section 2-1401 petition.

¶ 18                      C. Sex Offender Registration Act

¶ 19        Last, defendant claims that, if his judgment is void, the application of section 3 of the Sex Offender Registration Act (730 ILCS 150/3 (West Supp. 2019)) violates his due process rights. Since we have not found a void judgment, we need not address this issue. Additionally, we note defendant also failed to raise this issue in his section 2-1401 petition, and thus it is also forfeited. See *Thompson*, 2015 IL 118151, ¶ 39.

¶ 20                          III. CONCLUSION

¶ 21        For the reasons stated, we affirm the Jersey County circuit court's judgment.

¶ 22        Affirmed.