2022 IL App (1st) 190900-U

FIFTH DIVISION
January 14, 2022

No. 1-19-0900

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Respondent-Appellee, | ) | Circuit Court of Cook County. |
| | ) | |
| v. | ) | 92 CR 26325 |
| | ) | |
| MAURICE BARNES, | ) | Honorable LeRoy K. Martin Jr., |
| | ) | Judge Presiding. |
| Petitioner-Appellant. | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

*Held:* Trial court's denial of petitioner's section 2-1401 petition was improper where the court did not first give petitioner an opportunity to amend, and the State an opportunity to respond to, the petition. Judgment vacated; cause remanded with directions.

¶ 1 Petitioner, Felton Lewis, appeals from an order by the trial court denying his petition for relief from judgment pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401) (West 2014)). For the following reasons, we vacate and remand for further proceedings.

¶ 2 I. BACKGROUND

¶ 3     According to petitioner's birth certificate, petitioner was born on June 4, 1976. On October 6, 1992, petitioner was arrested on controlled-substance charges, at the age of 16 years old. At that time, he was serving a juvenile-parole term. When arrested, petitioner gave the false name of Maurice Barnes and the birth date of March 7, 1975, to police officers, to avoid a violation of his parole. On December 7, 1992, petitioner pled guilty to simple drug possession and received two years of probation. Because of the false birth date petitioner gave, the trial court believed him to be 17 years old, and convicted and sentenced him as an adult.

¶ 4     On December 28, 1992, petitioner was charged with violating his juvenile parole, in part because on December 7, 1992, he was "found guilty by the Cook County Criminal Court for the charge of Possession of a controlled substance with the intent to deliver under the alias of Maurice Barnes."

¶ 5     On January 18, 1996, petitioner appeared in court after an arrest warrant was executed that the judge had placed on petitioner in 1993 for failing to report during his probation. The trial judge noted, "I gave you probation according to the rap sheet in December of 1992," but defendant then "went to Joliet Youth Center," and "was paroled from there in [19]93." The judge indicated that petitioner would not have been "reporting because he was in custody," and stated the "probations are going to be terminated unsatisfactorily." When petitioner started to ask what that meant, the trial court stated, "It means you're good."

¶ 6     In 2000, petitioner filed a *pro se* motion to expunge the convictions for drug possession from his record. He appeared in court on March 3, 2000. The trial court asked, "Judge Lamkin [*sic*] placed you on probation?" Petitioner replied, "Yes. See, it was a problem. I was a juvenile --." The court interrupted and stated, "Don't explain it to me. I asked if Judge Lamkin [*sic*] placed you on probation?" Petitioner responded, "She did." When asked why he was petitioning for

expungement, petitioner stated, "Because it was a mistake." The court stated that petitioner would have to come back when Judge Lampkin was there and gave him a new date of April 10, 2000.

¶ 7    The case was continued and on July 28, 2000, when petitioner was not present, the State indicated that petitioner's position was that he was a juvenile at the time of the drug possession conviction and that he gave an incorrect date of birth. The State indicated that it had ordered "our file" but was not yet in receipt of it. The case was continued.

¶ 8    On September 15, 2000, the trial judge stated that the record could not be expunged because petitioner was not in court.

¶ 9    On February 3, 2017, petitioner filed another motion to expunge his record. In his motion he asked the court to "review the fact that I was a minor when this arrest occurred and I used an alias name to avoid juvenile parole which I didn't avoid, because I still did time in Juvenile Detention for those cases for juvenile parole violation; the fact remain[s] that I was a minor and double jeopardy is against the law."

¶ 10    On January 17, 2018, petitioner filed a motion to clarify his motion for expungement. A hearing was held on petitioner's motion to clarify. During the hearing, petitioner stated:

"Ma'am, I was 15 years old. I was on juvenile parole. I caught myself trying to be slick and used two alias names for a juvenile drug case I had. My mother learned of it, learned what I did, told my juvenile parole officer. He found out about the case right here, the adult case, and charged me, sent me back to St. Charles.

He told me when I get out, I will have to come with you guys so you can take them off my adult record because I was just a minor. I wasn't supposed to be

in the system. I never even thought it would come up until I went for a job for fingerprints. It popped up.

That is when I realized the aliases were attached to me like I had a felony, but I was a juvenile. They took care of it with the juvenile, but I thought it automatically would be removed off my record since he found out I was just a minor."

¶ 11 The trial court explained to petitioner that the State needed time to get his juvenile records and then stated:

"Then once they figure that out, if they don't have an objection with your request to expunge, they are going to tell your lawyer who is standing next to you on the next date if they are going to object or not. If they are not, your lawyer is going to draft the order, present it to the Court. The Court will sign the expungement with you not even being here.

If they have an objection, on the next date, they are going to tell your lawyer we have an objection. We need him to come down here."

¶ 12 On April 4, 2018, petitioner appeared in court with his birth certificate, social security card, and a copy of his fingerprints. The State argued that it still needed to do more investigating because "[i]t is almost 30 years later. ***. He has a significant juvenile background, and so I don't know if he was purposely tried as an adult." Petitioner expressed concern about coming back to Chicago from Iowa because he did not want to make the drive and had a job in Iowa. The trial court decided to give the State a continuance, stating:

"I am going to give them a continuance because before I sign the order I want to be sure about it as well. I am going to ask the State to get the – to make

certain that they have this file because I don't want to have to deal with this anymore.

It is my plan that the next time you come will be the last time that you come. I will make a decision one way or the other, but I want to see the file. I want to make sure they have it.

I am going to set another date for you to come back, unfortunately. I know you are not trying to run back and forth to Chicago, and I appreciate that. I want to make sure that I give them enough time because I don't want you to come back and they say they don't have the file. I want to give it enough time to make sure they have the file so that we can get this thing over with and done.

If it shows just as you have indicated to me and you bring your birth certificate and all that information back with you, then you get what you are asking for."

¶ 13    The State asked for a 60-day continuance, and the trial court stated that it would give the State a bit longer and asked petitioner if he could come back in June. Petitioner suggested that he come back on his birthday, June 4. The trial court agreed and told him to call ahead to make sure there were no issues so that petitioner did not have to make the trip for nothing.

¶ 14    On May 11, 2018, the State filed a motion to dismiss petitioner's motion to expunge for lack of jurisdiction. The State argued that because 25 years had passed since petitioner pled guilty to the drug possession offense, the trial court no longer had jurisdiction. In the alternative, the State argued that petitioner failed to submit a written motion or state grounds for which his relief should be granted, depriving the State of adequate time to respond to his claims. Lastly, it argued that if the court proceeds with the motion, "it fails as a matter of law," because petitioner

"forfeited the benefit of the juvenile system when he misled the court about his name and age for over two decades."

¶ 15    At a hearing on June 5, 2018, the trial court stated the following:

"I think I need to make it of record that [petitioner] called here. Called my office today and spoke to my administrative assistant.

He indicated that he was unable to be here today. His case was originally scheduled for yesterday the 4th. I was unable to be here on the 4th because I was in a meeting and was unable to attend.

We called him last week telling him that I would be unavailable. He would be available today the 5th.

He called today because he resides in Iowa and said he could not afford to be here.

I, through my staff, offered [petitioner] an opportunity to have this matter continued for whatever date he would like. And he had indicated that June 11th would be an acceptable date.

And I indicated to him that June 11th would be fine. He then called back and said that he did not want to come if he didn't have to because he couldn't afford it and could the [court] decide this matter without him being present.

And I indicated to my staff that let him know I could. And I would decide the matter without him being present."

¶ 16    The State then made its argument, which was substantially the same as its written motion to dismiss. The court responded:

6

"I'm persuaded quite frankly by your third argument. I believe that

[petitioner] got the benefit of what he bargained for.

He gave a false name and false date of birth because he was trying

to avoid – through his own words – he was trying to avoid some

ramification because he was on juvenile parole or juvenile probation.

And he was trying to avoid the consequence of picking up a new

case. So he gave a false name and false address, a false age. And he

followed that falsehood all the way through the time of his arrest, through

the time he was convicted and placed upon – placed on probation in adult

court.

Now, some 25 years later, he says that the Court lacked

jurisdiction, so therefore vacate my jurisdiction. Well, for the reasons that

you enunciated counsel, in your last argument, I would tend to disagree

with [petitioner's] argument.

\*\*\*

So I don't think therefore that he should now benefit from that.

You got the benefit. You didn't – you weren't violated as a juvenile. You

didn't pick up a new court case."

¶ 17    The written order stated that petitioner's motion to vacate his conviction was denied. It

further stated, "Where defendant has been tried, found guilty and sentenced in adult court, his

right to be prosecuted under the Juvenile Court Act has been waived." The court found that

petitioner "vested jurisdiction in the adult court when he misrepresented his name and date of

birth through the entirety of his adult proceedings."

7

¶ 18    On February 1, 2019, petitioner filed a motion to void his conviction. A hearing was held on that motion on March 6, 2019. At the hearing, the petitioner indicated that he did not know he had to appeal the last order from the trial court. He thought his motion was denied because he did not appear. The trial court stated:

> "I denied your motion because it seemed to me that what you did at the time was you were seeking the violation in juvenile court. So you lied about your age, so that they'd charge you as an adult.
>
> ***
>
> Now you're saying, hey, I lied about my age. I was a juvenile at the time and so, therefore, I want my adult conviction vacated because I was a juvenile at the time.
>
> My reasoning in denying your motion was you got what you asked for. You wanted to avoid prosecution over in juvenile court because you didn't want to get violated over there. So you misrepresented what your age was, so you catch this adult case. You got probation on that adult case, so you got out of that. So you got what you bargained for."

¶ 19    Petitioner responded that he did not "catch a break" because they issued the warrant after he had done the time. His mother had notified his parole officer about what happened.

¶ 20    The State responded that petitioner bargained for this at the time he made his decision to lie about his age and that this "just appeared to be some of the consequences of those decisions that were made back at that particular time." The State argued that petitioner's arguments have now been forfeited.

¶ 21    The court acknowledged that petitioner's motion to void his conviction was filed more than 30 days after the trial court's June 5, 2018, ruling dismissing his February 23, 2017, motion to expunge. It stated, "I agree it's beyond the 30 days in June of last year when I first head the matter, but I'm going to tell you what. I'm going to give you a break, because I'm going to let him file this as a motion to reconsider. And I'm going to go ahead and reconsider so that – I'm starting the clock anew." The court stated that it was starting the clock over because "I want him to be able to have the ability hopefully, to challenge the Court's ruling, because maybe the appellate court will see it differently." However, the trial court found that the logic "still holds true" and denied petitioner's motion.

¶ 22    On March 6, 2019, the criminal disposition sheet in the record states that the "Motion to Reconsider" was entered and continued to March 20, 2019.

¶ 23    On March 20, 2019, the court stated, "I have a written order that I'm going to enter into the record, but we can note that order includes that [petitioner] that his petition to vacate his conviction is denied, as I took that as a 2-1401 petition."

¶ 24    A criminal disposition sheet, dated March 20, 2019, states "(motion to reconsider) §2-1401 petition to vacate denied." Defendant filed his notice of appeal on April 5, 2019.

¶ 25                                   II. ANALYSIS

¶ 26    As an initial matter, the State claims that petitioner's section 2-1401 petition was untimely and that we therefore have no jurisdiction to hear this appeal. Section 2-1401 states that relief from final orders and judgment, after 30 days but before 2 years, may be had upon petition as provided in that section. 735 ILCS 5/2-1401 (West 2014). The State contends, "petitioner pled guilty as an adult on December 7, 1992," and therefore "should have filed any § 2-1401 petition by December 7, 1994." However, trial court in this case made clear that it was recharacterizing

petitioner's February 1, 2019, motion as a section 2-1401 petition attacking its June 5, 2018, order dismissing petitioner's motion to expunge his record. The trial court specifically noted that petitioner's February 2019 motion was filed eight months after it entered the June 5, 2018, order dismissing petitioner's motion to expunge, so it was recharacterizing his motion to make it timely. Accordingly, because petitioner's section 2-1401 petition was filed more than 30 days, and less than 2 years after the June 5, 2018, order dismissing petitioner's motion to expunge, the recharacterized motion was timely.

¶ 27    To the extent that the State is arguing that petitioner's February 1, 2017, motion to expunge was untimely, that argument has been waived. As our supreme court noted in *People v. Pinkonsly*, 207 Ill. 2d 555, 564 (2003), "[i]If the State wished to argue that the defendant's section 2-1401 petition was untimely, it should have done so before the trial court, where any amendments could have been made and any factual disputes could have been resolved. [Citation] The State waived its timeliness argument." We are therefore compelled to reach the same conclusion here. *Id.*

¶ 28    Timeliness aside, as noted by this panel during oral argument held on December 21, 2021, the trial court's recharacterization of petitioner's February 2019 motion as a section 2-1401 motion attacking the June 5, 2018, ruling, was prejudicial to both parties as it did not give petitioner the opportunity to amend his petition to comply with the requirements of section 2-1401, and did not give the State an opportunity to respond to the section 2-1401 petition. See *People v. Shellstrom*, 216 Ill. 2d 45, 53-57 (2005) (recharacterization of *pro se* pleading enables the issues to be properly framed but is troubling when litigants are not notified first and are unable to amend pleadings).

¶ 29    "One of the guiding principles in the administration of section 2-1401 relief is that the petition invokes the equitable powers of the circuit court to prevent enforcement of a judgment when doing so would be unfair, unjust, or unconscionable." *People v. Lawton*, 212 Ill. 2d 285, 297 (2004). "Relief should be granted under section 2-1401 when necessary to achieve justice. To accomplish that goal, the statute is to be construed liberally." *Id*. at 298.

¶ 30    In order to be entitled to relief pursuant to section 2-1401, the petition is required to affirmatively plead specific factual allegations supporting each of the following elements: (1) the existence of a meritorious claim; (2) due diligence in presenting that claim in the original action; and (3) due diligence in seeking relief under section 2-1401. *In re Petition of the Village of Kildeer to Annex Certain Territory*, 124 Ill. 2d 533, 544 (1988). Here, petitioner was unable to amend his pleading to meet these requirements, and the State was deprived of an opportunity to respond.

¶ 31    Because the trial court's recharacterization of petitioner's pleading without first allowing the parties to properly abide by the section 2-1401 pleading requirements was prejudicial to both parties, we vacate the trial court's denial of petitioner's section 2-1401 petition and remand this case for further proceedings to give petitioner an opportunity to amend his section 2-1401 petition to comply with the requirements of such a petition, and to give the State an opportunity to respond.

¶ 32    In doing so, we note that while there is no statutory basis for the appointment of counsel in a section 2-1401 petition, neither is the appointment of counsel prohibited, and therefore it is in the trial court's discretion whether to appoint counsel. See *People v. Kane*, 2012 IL App (2d) 110594, ¶ 21. We believe that the appointment of counsel would greatly assist the petitioner and the trial court in resolving this matter equitably.

¶ 33                         III. CONCLUSION

¶ 34    For the foregoing reasons, we vacate the trial court's denial of petitioner's section 2-1401

petition and remand this case for further proceedings.

¶ 35    Judgment vacated; cause remanded with directions.