**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200390-U

Order filed January 25, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0390 Circuit No. 11-CF-239 |
| JAMIE LOMELI, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Holdridge and Justice Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court erred when it failed to recognize that it had discretion to appoint counsel to represent defendant in a petition for relief from judgment.

¶ 2    Defendant, Jamie Lomeli, appeals the dismissal of her petition for relief from judgment. Defendant argues the circuit court erred in failing to appoint counsel based on its erroneous belief that it lacked discretion to do so. We reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4        Following a jury trial, defendant was found guilty of first degree murder (720 ILCS 5/9-1(a)(3) (West 2010)). The court sentenced defendant to 24 years' imprisonment. On direct appeal, we affirmed defendant's conviction. *People v. Lomeli*, 2016 IL App (3d) 130817-U.

¶ 5        On June 29, 2017, defendant filed a postconviction petition. The court appointed counsel to represent defendant in the postconviction proceedings.

¶ 6        On December 26, 2017, defendant, as a self-represented litigant, petitioned for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)) and separately moved for appointment of counsel. Legal aid assisted defendant in drafting and filing the petition and the motion. The State later moved to dismiss defendant's petition.

¶ 7        On March 1, 2018, appointed counsel indicated that while he represented defendant on her postconviction petition, he would not "necessarily" be involved in defendant's petition for relief from judgment. The court addressed defendant's request for appointment of counsel and stated,

>        "The one post-conviction motion is, of course, where you're entitled to a lawyer [defendant]. *** On your 2-1401 motion, I need to consider that *pro se* or if someone's going to come from [legal aid], that's another thing, but you're not entitled to an appointed lawyer for [the petition for relief from judgment] because that's considered in the nature of a civil action."
>
>        So you're going to have to talk to the [legal aid] people to see—you're not going to get a lawyer appointed on that one so if they want to represent you or do something, you need to investigate that before I will hear it ***."

¶ 8       On June 6, 2018, when discussing defendant's petition for relief from judgment, the court informed counsel that he did not need to appear because he did not represent defendant on that petition. Counsel indicated that he did not think he could be appointed to represent defendant on the petition. The court responded that counsel "can't be appointed."

¶ 9       On July 18, 2018, when discussing how to proceed with defendant's petition, counsel indicated that he was not involved and that it was a civil issue. The court responded that defendant was "not entitled to a lawyer."

¶ 10       On August 29, 2018, the court told the State that "[defendant]'s not entitled to the appointment of a lawyer." Later, defendant said, "I'm not sure if I can get somebody appointed to me for [the petition]," and the court responded, "No. You can't. *** [Y]our only alternative is to hire somebody. Otherwise, you have to argue it yourself." When defendant indicated that she could not hire an attorney, the court responded that the nature of her allegations "do[ ] not allow for an appointed lawyer."

¶ 11       On November 14, 2018, the court told defendant, "you are not entitled to an appointed lawyer because [section] 2-1401 proceedings are civil in nature."

¶ 12       On August 6, 2020, defendant told the court that she did not feel "competent enough" to represent herself in the proceeding. The court responded that defendant did not "have a right *** to have a lawyer appointed."

¶ 13       At the hearing on defendant's petition, defendant informed the court that she had difficulty reading and writing and did not understand the State's argument. Defendant proceeded through the hearing as a self-represented litigant. The court dismissed defendant's petition, and this appeal followed.

¶ 14                       II. ANALYSIS

3

¶ 15    On appeal, defendant argues the circuit court abused its discretion in denying her request for appointed counsel on her petition for relief from judgment where the record showed the court misconstrued the law and failed to recognize that it had discretion to appoint counsel. We agree.

¶ 16    Section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2016)) provides a statutory procedure through which final orders and judgments may be challenged more than 30 days after their entry. *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003). Although this is a civil remedy, it has been extended to criminal cases. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007).

¶ 17    "A petitioner seeking to collaterally attack a judgment has no constitutional right to the assistance of counsel." *People v. Stoecker*, 2020 IL 124807, ¶ 35. Additionally, a petitioner seeking relief under section 2-1401 has no statutory right to counsel. *Id.* ¶ 36. Accordingly, a circuit court is not obligated to appoint counsel in such proceedings. *Id.* However, the court has discretionary authority to appoint counsel. *Id.* "There is error when a trial court refuses to exercise discretion in the erroneous belief that it has no discretion as to the question presented." *People v. Queen*, 56 Ill. 2d 560, 565 (1974). When a court erroneously believes that it has no discretion in a matter, its failure to exercise discretion can constitute an abuse of discretion. *People v. Chapman*, 194 Ill. 2d 186, 223-24 (2000); See, *e.g.*, *People v. Bernard*, 2021 IL App (2d) 181055, ¶ 35 (The circuit court abused its discretion by failing to recognize that it had discretion to appoint counsel on a petition for relief from judgment requiring remand where the record did "not conclusively establish that defendant was not harmed by the error."). The effect of such a failure to exercise discretion must be assessed in the context of the entire proceeding. *Chapman*, 194 Ill. 2d at 224. Automatic reversal is not required because not every error is of such magnitude that relief is warranted. *Id.* at 224-25.

¶ 18    Here, the record shows the circuit court held the erroneous belief that it did not have discretion to appoint counsel to represent defendant on her petition for relief from judgment. The court explained several times that due to the nature of defendant's claims and because a petition for relief from judgment was a civil action, the court was "not allow[ed]" to and could not appoint counsel. While the court's statements that defendant did not have a "right" and was "not entitled" to appointed counsel for her petition is correct under the statute, those statements do not reflect the full state of the law. As set forth above, the court overlooked that it could, in an exercise of its discretion, appoint counsel for defendant. Because the court failed to understand that it had discretion to appoint counsel, it could not exercise its discretion in denying defendant's request for counsel. Accordingly, we conclude the circuit court abused its discretion. See *Queen*, 56 Ill. 2d at 565-66.

¶ 19    The State contends that even if the court committed error by failing to appoint counsel, the error was harmless, as the court ultimately found that defendant's petition lacked merit. We disagree. When conducting harmless error analysis, we determine whether the outcome would have been the same regardless of the error. See *People v. Mullins*, 242 Ill. 2d 1, 23 (2011). We determine harmless error based on the particular facts of each case, considering the record as a whole. *People v. Howard*, 147 Ill. 2d 103, 148 (1991).

¶ 20    Here, the record does not conclusively establish that defendant was not harmed by the court's error. See *Chapman*, 194 Ill. 2d at 224; see also *Bernard*, 2021 IL App (2d) 181055, ¶ 35. Specifically, we cannot determine whether appointed counsel would have amended defendant's petition or how those amendments would have affected the outcome of the proceedings. See *Bernard*, 2021 IL App (2d) 181055, ¶ 35. Moreover, defendant would have benefitted from the representation of counsel in responding to the State's motion to dismiss and representation at the

5

hearing, as defendant indicated that she was not "competent enough" to represent herself in those proceedings, had difficulty reading and writing, and did not understand the State's argument. Therefore, we reverse the circuit court's denial of defendant's petition for relief from judgment and remand with directions for the court to exercise its discretion and determine whether to appoint counsel.

¶ 21                              III. CONCLUSION

¶ 22        The judgment of the circuit court of La Salle County is reversed and remanded with directions.

¶ 23        Reversed and remanded with directions.