NOTICE

Decision filed 07/20/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220473-U

NO. 5-22-0473

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 18-CF-460 |
| | ) | |
| PERICE L. LADD, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the defendant's section 2-1401 petition did not present any facts that would have prevented the entry of a judgment against the defendant after trial, and where the circuit court complied with the timing requirements for dismissal of the petition, and where no arguments to the contrary would have merit, the defendant's court-appointed appellate attorney is granted leave to withdraw, and the judgment of the circuit court, dismissing the section 2-1401 petition, is affirmed.

¶ 2    A jury found the defendant, Perice L. Ladd, guilty of the Class 1 felony of residential arson, and due to his criminal history, he was sentenced as a Class X offender to imprisonment for 30 years. The judgment of conviction was affirmed on direct appeal. The defendant, who continues to serve his sentence, filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). The circuit court dismissed the petition *sua sponte*. The defendant now appeals. The defendant's appointed attorney on

1

appeal, the Office of the State Appellate Defender (OSAD), has concluded that the appeal lacks substantial merit. On that basis, OSAD has filed with this court a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a memorandum of law in support thereof. OSAD gave proper notice to the defendant. This court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but the defendant has not availed himself of that opportunity. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as the defendant's counsel, and the judgment of the circuit court, dismissing the defendant's section 2-1401 petition, is affirmed.

¶ 3                                    BACKGROUND

¶ 4      The defendant was charged with residential arson. See 720 ILCS 5/20-1(b) (West 2018). He was tried before a jury, which returned a verdict of guilty. Subsequently, the circuit court sentenced him to imprisonment for 30 years and mandatory supervised release for 3 years. On direct appeal, the defendant's appointed attorney, OSAD, argued solely that the prison sentence represented an abuse of discretion. This court rejected that argument and affirmed the judgment of conviction. *People v. Ladd*, 2023 IL App (5th) 200271-U. The decision in the direct appeal includes a thorough summary of the testimony and other evidence adduced at trial. Here, the evidence will be described as necessary to decide the instant appeal.

¶ 5      At the defendant's trial, Tosha Henry testified that on October 5, 2018, she was at her trailer, which she rented. Three people—the defendant, a man named "Equiton," and Henry's 13-year-old daughter—were also there. At approximately 7:40 a.m., Henry and her daughter left the

trailer and walked toward the daughter's school. Along the way, they ran into the daughter's uncle, Timmothy Ladd, who took the daughter the rest of the way to school. Henry turned around and walked back toward her trailer. When she was "three houses away" from her trailer, she saw the defendant and Equiton depart from her trailer and drive away in Equiton's car. At approximately 7:50 a.m., Henry got back to her trailer and opened the front door, at which point she saw smoke "everywhere" inside. Henry ran across the street, to her aunt's trailer, where she told the aunt to phone the police. Henry did not have her own phone, for earlier that same morning, the defendant had "smacked" it out of her hand and had taken it. The defendant was upset because Henry had accidentally called him by another man's nickname, and because that other man had phoned Henry that morning.

¶ 6    Henry had security cameras on the exterior of her trailer—two on the front, two on the back. The surveillance video was stamped with the time. These cameras showed Henry and her daughter depart from the trailer for the walk to school. They also showed the defendant, shortly afterward, remove one of the cameras from the trailer's front porch and "yank[ ] the wires off the other camera." The surveillance video was published to the jury.

¶ 7    On April 7, 2022, while the direct appeal was pending, the defendant filed a *pro se* petition for relief from judgment, pursuant to section 2-1401 of the Code. In that petition, the defendant claimed that the State had withheld video clips that had been recorded on Henry's surveillance cameras, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (due process requires the prosecution to disclose evidence favorable to the accused and material to guilt or punishment). These clips, the defendant alleged, show that "a lady" had entered and exited Henry's trailer between 7:15 a.m. and 7:57 a.m. on the day of the fire. According to the defendant, "[t]his lady should have been a potential suspect and interviewed as a suspect," but she was not interviewed

3

by the police, the fire department, or the prosecution, nor was the defense informed about her prior to trial. The section 2-1401 petition was supported by an affidavit from Timmothy Ladd, the defendant's brother. In the affidavit, Timmothy Ladd stated that between June and August 2021, he had spoken with Tosha Henry, and that Henry had told him "that a neighbor lady from across the street was the person who had come by her house the morning (October 5, 2018 at approximately 7:15 am) of the trailer burning down." Timmothy Ladd did not know the lady's name, but stated that Henry seemed familiar with her.

¶ 8 Neither the defendant's petition nor his brother's affidavit indicated how the defendant knew that the unnamed lady had been captured on video. Neither described actually viewing the alleged video clips. Neither described how much time the lady had spent in Henry's trailer. Neither described any evidence indicating that the lady had started the fire, whether accidentally or intentionally.

¶ 9 The State did not file an answer, or otherwise respond, to the defendant's section 2-1401 petition for relief from judgment. In effect, the State admitted all of the petition's well-pleaded facts. See *People v. Vincent*, 226 Ill. 2d 1, 9-10 (2007) ("the State's failure to answer the [section 2-1401] petition constituted an admission of all well-pleaded facts [citation] and rendered [the] petition ripe for adjudication").

¶ 10 On June 28, 2022, the circuit court *sua sponte* dismissed the petition for relief from judgment, with prejudice. "Even if the allegations of the petition are all true," the court wrote, "the petitioner has not alleged how or whether such facts would likely change the outcome of the jury's verdict and the Court's final judgment." The defendant perfected this appeal from the dismissal order.

4

¶ 11                                    ANALYSIS

¶ 12    This appeal is from the circuit court's *sua sponte* dismissal of the defendant's petition for relief from judgment under section 2-1401 of the Code. As previously mentioned, OSAD has filed with this court a *Finley* motion to withdraw as counsel on the ground that this appeal lacks merit, along with an accompanying legal memorandum. In its memorandum, OSAD presents two potential issues in this appeal: (1) whether the defendant's allegation that a woman stopped by Tosha Henry's trailer on the morning of the fire entitles the defendant to relief under section 2-1401, and (2) whether the circuit court, in dismissing the defendant's section 2-1401 petition for relief from judgment, complied with the applicable timing requirements. The defendant has not filed a response of any kind. This court agrees with OSAD that this appeal lacks merit.

¶ 13    Section 2-1401 establishes a comprehensive statutory procedure to challenge a final judgment when more than 30 days have elapsed since its entry. 735 ILCS 5/2-1401 (West 2022); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Petitions for relief from judgment must be filed not later than two years after the entry of the order or judgment, excluding time that the defendant was under legal disability or duress or the ground for relief was fraudulently concealed. 735 ILCS 5/2-1401(c) (West 2022); *People v. Caballero*, 179 Ill. 2d 205, 210-11 (1997).

¶ 14    Section 2-1401 is intended to correct errors of fact, unknown to the petitioner and the court at the time of the judgment, which would have prevented the rendition of the judgment had they been known. *People v. Pinkonsly*, 207 Ill. 2d 555, 566 (2003). To be entitled to relief under section 2-1401, a petitioner must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim, (2) due diligence in presenting this defense or claim to the circuit court in the original action, (3) due diligence in filing the section 2-1401 petition. *Id.* at 565. "That is, in order to obtain relief under section 2-1401, the

5

defendant must show both a meritorious defense to the charges against him and due diligence in presenting it." *Id.* A contrast has been drawn between a section 2-1401 petition and a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). "A postconviction petition requires the court to decide whether the defendant's constitutional rights were violated at trial," whereas a section 2-1401 petition "requires the court to determine whether facts exist that were unknown to the court at the time of trial and would have prevented entry of the judgment." *Pinkonsly*, 207 Ill. 2d at 566. Section 2-1401 authorizes a circuit court "to vacate or modify a final order or judgment in civil and criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Dismissal of a petition for relief from judgment is reviewed *de novo*. *Vincent*, 226 Ill. 2d at 18.

¶ 15    OSAD's first potential issue is whether the defendant's allegation that a woman went to Henry's trailer on the morning of the fire entitles the defendant to relief under section 2-1401. In his section 2-1401 petition, the defendant claimed that the State had withheld video evidence from him, citing the United States Supreme Court's landmark decision in *Brady v. Maryland*. However, as OSAD notes in its memorandum of law in support of its *Finley* motion, "a *Brady* claim is constitutional in nature, and petitions for relief from judgment are meant to correct *factual* errors." (Emphasis in original.) Therefore, the relevant question in this appeal, again quoting OSAD's memorandum, "is whether, assuming the truth of all well-pleaded facts set forth in [the defendant's] petition, judgment could have been entered against him if it had been known at trial that Henry's neighbor came by the house on the morning of the fire."

¶ 16    The weakness of the defendant's claim is evident. Even if the unseen video did, in fact, show that a woman entered the trailer on the morning of the fire, there is no evidence that she actually started the fire. Tosha Henry was away from her trailer for only about 10 minutes as she

6

walked her daughter to school. Apparently, the trailer was fine and normal when Henry began her walk to the school. As she walked back to the trailer, she saw the defendant and another man depart from the trailer and drive away. Moments later, she opened her front door and saw that smoke permeated the interior. The window of opportunity to start the fire while Henry was away was quite brief. Without evidence that the unnamed woman started the fire, there was nothing that would have prevented judgment from being entered against the defendant.

¶ 17    The second issue raised by OSAD in its *Finley* memorandum is whether the circuit court complied with timing requirements in dismissing the defendant's section 2-1401 petition. Where the State fails to answer a section 2-1401 petition within 30 days after the petition's filing, that failure constitutes the State's admission to all of the petition's well-pleaded facts, and the petition becomes "ripe for adjudication" by the circuit court. *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). Here, the defendant filed his section 2-1401 petition on April 7, 2022, and the State did not file an answer or any other pleading within 30 days after that date (or at any time thereafter). On June 28, 2022—weeks after the 30 days had passed—the circuit court adjudicated the petition, *sua sponte* dismissing it. Plainly, the court complied with the applicable time requirements.

¶ 18                                        CONCLUSION

¶ 19    The circuit court was right to dismiss the defendant's section 2-1401 petition. The petition did not present any facts that would have prevented entry of the judgment, and the court acted only after the petition became ripe for adjudication. Any arguments to the contrary would have no merit. Accordingly, OSAD's motion for leave to withdraw as counsel is granted, and the judgment of the circuit court is affirmed.

¶ 20    Motion granted; judgment affirmed.