2024 IL App (1st) 220786-U

FOURTH DIVISION
Order filed: February 22, 2024

No. 1-22-0786

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) Appeal from the Circuit Court of Cook County. |
| Respondent-Appellee, | ) ) |
| v. | ) No. 06 1441155 ) |
| ARMANDO ROJAS, | ) Honorable Jeanne ) M. Wrenn, Judge, |
| Petitioner-Appellant. | ) presiding. ) |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Martin and Ocasio concurred in the judgment.

**ORDER**

¶ 1 *Held*: We reversed and remanded with directions to conduct an evidentiary hearing where the circuit court erred when it denied the petitioner's petition to vacate his 2006 guilty plea and conviction for domestic battery where the petitioner alleged that plea counsel affirmatively misstated the law regarding immigration consequences and alleged that he had a plausible defense and would not have pled guilty had he been aware of the immigration consequences.

¶ 2 The petitioner, Armando Rojas, appeals from the order of the circuit court denying his petition to vacate his 2006 guilty plea and conviction for domestic battery pursuant to section 21401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). On appeal, the petitioner contends that the circuit court erred in denying the petition because, during his guilty plea proceedings, he was denied the effective assistance of plea counsel. The petitioner alleges counsel's performance fell below an objective standard of reasonableness when counsel affirmatively misadvised him that a first conviction for domestic battery would not affect his immigration status. The petitioner further alleges that he was prejudiced by this misstatement of the law because he would not have pled guilty but would have instead persisted in his claim of innocence. For the reasons that follow, we reverse and remand for an evidentiary hearing.

¶ 3 The following statement of facts is derived from the common law record, including the petitioner's petition to vacate his conviction. On September 19, 2006, the petitioner pled guilty to two counts of misdemeanor domestic battery and one count of interfering with reporting of domestic violence. The State had alleged that the petitioner threw a family member, his four-year-old daughter, to the floor when she tried to protect her mother; slammed another family member, the complaining witness, to the floor; choked the complaining witness and bit her; and pulled the phone off the wall to prevent the complaining witness from calling 911. Before accepting the petitioner's plea, the circuit court admonished him including, as relevant here, the following:

> "THE COURT: And as result to you pleading guilty it may result in your deportation, denial of admission to the United States and/or denial of naturalization of citizenship.
>
> Do you understand that?
>
> THE DEFENDANT: Yes."

Following further admonishments, the circuit court accepted the petitioner's plea of guilty and sentenced him to an agreed upon term of probation including alcohol and drug evaluation classes.

¶ 4 In December 2006, the State filed a petition for the violation of the petitioner's probation. The petition alleged that, on October 21, 2006, the petitioner was arrested for aggravated driving under the influence of alcohol (DUI). The petition further alleged that the petitioner had failed to complete a drug and alcohol evaluation. The petitioner does not contest that, on January 22, 2007, he pled guilty to aggravated DUI and received 18 months' probation. On January 27, 2007, he pled guilty to violation of his probation and was sentenced to 90 days in the Cook County Department of Corrections, time considered served.

¶ 5 The petitioner's next contact with law enforcement occurred on June 24, 2017, when he was arrested for another aggravated DUI. The petitioner failed to appear in court and a warrant was issued. The warrant was executed on December 4, 2018. On September 26, 2019, the petitioner pled guilty and the circuit court sentenced him to two years' probation. The petitioner's probation was terminated successfully.

¶ 6 On August 31, 2021, the petitioner filed a petition to vacate the judgment of September 19, 2006. The petition alleged that that the petitioner's attorney never told him how serious the charges were for immigration purposes, instead "his attorney actually told him that because this was his first domestic violence incident, it would not affect his immigration status." The petition further alleged that the petitioner's conviction made him "ineligible for cancellation of removal." Attached to the petition was the petitioner's affidavit, in which he alleged that, on the morning of July 2, 2006, the complaining witness threatened him and told him to leave because he had come home late. The petitioner alleged that the complaining witness attacked him with a bat. The petitioner further alleged he never bit her but that she cut her head on his belt buckle while they struggled. Attached to the

petition was an undated notice to appear before an immigration judge which alleged that the petitioner was an alien present in the United States who arrived "without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General."[1] The petitioner also attached as an exhibit the February 12, 2020, order of an immigration judge denying his application for cancellation of removal. The February 12, 2020, order states that the respondent had previously been ordered removed from the United States to Mexico. The record, however, does not contain the removal order.

¶ 7 The State filed a response to the petitioner's 2-1401 petition, in which the State argued that the petition should be denied without an evidentiary hearing because the petitioner could not establish the prejudice prong of the *Strickland* analysis (see *Strickland v. Washington*, 466 U.S. 668 (1984)). The State argued that the court's admonishment about the potential immigration consequences was sufficient to eliminate any potential prejudice created by counsel's alleged faulty advice.

¶ 8 On February 18, 2022, the circuit court conducted a hearing on the petitioner's section 21401 petition. The circuit court heard arguments but did not conduct an evidentiary hearing. Following arguments, the circuit court held that the petitioner had not established ineffective assistance of counsel because any prejudice created by defense counsel's mistaken advice was cured by the circuit court's admonishments. The circuit court denied the petitioner's petition holding that an evidentiary hearing was unnecessary. This appeal followed.

---

[1] Although the notice to appear is undated, the parties agree that it was issued sometime shortly after the petitioner's second DUI arrest.

¶ 9 On appeal, the petitioner contends that the circuit court erred when it denied his petition to vacate his guilty plea, because he adequately alleged that he was denied the effective assistance of counsel. The State responds that the petitioner cannot allege prejudice as a result of any deficient performance because the potential prejudice was cured by the circuit court's admonishments during the petitioner's guilty plea. We agree with the petitioner.

¶ 10 The petitioner initiated these proceedings under section 2-1401 of the Code. Section 2-1401 provides a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment older than 30 days. *People v. Abdullah*, 2019 IL 123492, ¶ 13. Although filed in the same proceeding that the judgment or order was entered, a section 2-1401 petition is not a continuation of the original action. *Id.* Ordinarily, a section 2-1401 petition must be filed within two years. See735 ILCS 5/2-1401(c) (West 2022). However, the legislature has amended section 2-1401 to remove the two-year time limit when a defendant alleges that a plea of guilty has immigration consequences. See Pub. Act 102-639 (eff. Aug. 27, 2021)(adding section 735 ILCS 5/2-1401(c-5)).

¶ 11 In most cases, to be entitled to relief, a section 2-1401 petition must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Warren County Soil and Water Conservation Dist. v. Walters*, 2015 IL 117783, ¶ 37. However, a section 2-1401 petition is not limited to factual challenges but may be used to raise a legal challenge. *Id.*, ¶ 41. Section 2-1401 should be liberally construed to grant relief when necessary to achieve justice. *People v. Lawton*, 212 Ill. 2d 285, 298 (2004). We review *de novo* the denial of a section 2-1401 petition entered without an evidentiary hearing. See *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 12 Generally, a section 2-1401 petition is not an appropriate vehicle for a challenge based on ineffective assistance of counsel. See *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003). However, relief may be granted under section 2-1401 when necessary to achieve justice. *Lawton*, 212 Ill. 2d at 298 (2004). Accordingly, a court may grant relief from a constitutional violation even where the legislature has not delineated a specific mechanism for doing so. *Id.* at 301 (holding that section 21401 was available to challenge commitment as a sexually dangerous person based on allegedly ineffective assistance of counsel). Here, as in *Lawton*, the petitioner is alleging ineffective assistance of counsel, but cannot bring his claim in a postconviction petition because he is not "imprisoned in the penitentiary." See 725 ILCS 5/122-1(a) (West 2022). Therefore, we conclude that the petitioner could bring his ineffective-assistance-of-counsel claim in a section 2-1401 petition.

¶ 13 Claims of ineffective assistance of counsel are judged against the familiar *Strickland* standard. See *People v. Peeples*, 205 Ill. 2d 480, 511 (2002) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The *Strickland* standard has two prongs, performance and prejudice. See *People v. Cherry*, 2016 IL 118728, ¶ 24. To establish deficient performance, a defendant must demonstrate that counsel's performance was objectively unreasonable under prevailing professional norms. *Id.* To establish prejudice, a defendant must demonstrate that there is reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* If it is easier to dispose of a *Strickland* claim on the ground that the defendant has not established prejudice, a court may proceed directly to the prejudice prong and bypass the question of counsel's performance. *People v. Johnson*, 2021 IL 126291, ¶ 53.

¶ 14 Here, the State contends that guilty plea counsel's performance met the prevailing norms when he informed the petitioner that a first conviction for domestic battery would not affect his immigration status. The State argues that the immigration consequences were not "succinct, clear

and explicit" because, in 2006, the petitioner did not immediately suffer any adverse immigration consequences and that he was not found ineligible for cancellation of removal until 2017 after his second aggravated DUI.

¶ 15 In *Padilla v. Kentucky*, 559 U.S. 356 (2010) the Supreme Court held that the failure to advise a defendant that a guilty plea had potential immigration consequences could constitute ineffective assistance Title 8 of the U.S. Code (Aliens and Nationality Act or Act) defines a person convicted of domestic violence as deportable stating in relevant part: "Any alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable." 8 U.S.C.A. § 1227 (West 2022). The petitioner in this case alleged that he was ineligible for cancellation of removal because he had a domestic violence conviction. The plain language of the Act contains no exception for a first offense. Although the immigration consequences may have been delayed by many years, this delay in enforcement does not erase the serious consequence of rendering the petitioner eligible for deportation or eliminate the prejudice of counsel's alleged advice that a first offense would not affect his immigration status. See *People v. Guzman*, 2014 IL App (3d) 090464. ¶ 36 ("The prejudice occurs at the time the guilty plea is entered as a result of the incomplete information provided by counsel, not when the immigration consequence occurs.") Therefore, we conclude that the petitioner adequately alleged facts, which if proven, would support a finding that plea counsel's performance was deficient.

¶ 16 The State contends that even if counsel's performance was deficient, there was no prejudice to the petitioner because he was admonished by the circuit court that his conviction "may result in *** [his] deportation." The admonishment given by the circuit court was required by section 113-8 of Code of Criminal Procedure of 1963 (725 ILCS 5/113-8 (West 2006)). *People v. Valdez*, 2016 IL 119860, the reviewing court held that the admonition required by section 113-8 was adequate to cure

any prejudice resulting from plea counsel's failure to inform the defendant of the potential immigration consequences. *Id.*, ¶ 32. The State argues that we should follow *Valdez* and find that any prejudice was cured by the trial court's admonition. We find *Valdez* distinguishable.

¶ 17 In *Valdez*, defense counsel failed to inform the defendant that there were potential immigration consequences attached to his burglary conviction. *Id.*, ¶ 9. Here, the petitioner alleged that defense counsel did not simply fail to inform him of the potential for immigration consequences; rather, defense counsel affirmatively misstated the immigration consequences. The petitioner alleged that defense counsel told him that a first offense would not affect his immigration status. We note that the federal immigration statute contains no exception for a first offense. See 8 USC § 1227 (West 2022). The trial court's admonishment merely stated that there "may" be immigration consequences. Although this might cure potential prejudice where defense counsel has remained silent despite an obligation to inform the defendant, we find that it is not sufficiently clear to alert a defendant to ignore counsel's unequivocal statements to the contrary. Therefore, we conclude that the circuit court's admonishment did not cure the prejudice created by defense counsel's allegedly mistaken advice.

¶ 18 Finally, the State argues that the petitioner cannot establish prejudice because he has not shown that there is a reasonable probability that, absent defense counsel's inaccurate advice, he would have pled not guilty and proceeded to trial. Here, the petitioner alleged that he had a defense in that the complaining witness actually attacked him and injured herself during the struggle. The State responds that it would have been able to present a photograph of the injury which would have overcome the petitioner's defense. However, a defendant is not required to show that it is likely that he would have prevailed at trial. When faced with the possibility of deportation, a defendant may be willing to risk a lengthier prison sentence in exchange for even a slight chance of prevailing at trial.

See *Guzman*, 2014 IL App (3d) 090464 ¶ 35. A defendant need only show that he would have pled not guilty and chanced the outcome at trial. *Id.*, ¶ 36. Here, the petitioner was facing only a misdemeanor conviction. He has alleged that he had a plausible defense, and faced significant immigration consequences if found guilty. In these circumstances, we cannot say that the decision to plead not guilty would have been unreasonable. Therefore, we conclude that the petitioner alleged facts that, if found credible, establish that he would have rejected the guilty plea offer.

¶ 19 Therefore, we conclude that the petitioner has adequately alleged facts supporting his arguments that his attorney gave him faulty immigration advice, that the resulting prejudice was not cured by the circuit court's admonition, and that he had a legitimate defense to the charges against him. Accordingly, the petitioner is entitled to an evidentiary hearing on the question of whether he was denied the effective assistance of counsel.

¶ 20 For the foregoing reasons, we reverse the judgment of the circuit court granting the State's motion to deny the petitioner's petition without an evidentiary hearing and remand with directions to conduct an evidentiary hearing on the petition.

¶ 21    Reversed and remanded with directions.